444 So.2d 583 (1984)
FLORIDA POWER AND LIGHT CO., Self-Insured, Appellant,
v.
John T. MULKERRIN, Appellee.
No. AT-6.
District Court of Appeal of Florida, First District.
February 2, 1984.
Albert E. Harum, Jr., P.A., Miami, for appellant.
Richard L. Wagenheim, of Golding & Wagenheim, Fort Lauderdale, for appellee.
SHIVERS, Judge.
In this workers' compensation case the self-insured employer appeals an order of the deputy commissioner which awards the claimant interest on past due compensation and penalties. Appellant argues that the deputy commissioner erred by making no findings of fact or conclusions of law concerning the imposition of the penalty. We agree and, therefore, reverse and remand on that point.
The order sub judice states simply, "The Claimant is entitled to penalties in the amount of 10% on past due compensation in the amount of $2,665.60, which computes to a total amount due of $266.56." The order makes no findings of fact or conclusions of law relative to this award. In Stardust Motel v. St. Claire, 418 So.2d 1151 (Fla. 1st DCA 1982), this court stated:
The imposition of the proper penalty should not be left to inference, but should be set forth in a finding by the DC that states the ultimate facts and conclusions supporting the imposition of the penalty. The DC has the same obligation to state the ultimate facts and conclusions supporting the imposition of a penalty as he has in regard to any other award of benefits.
*584 Id. at 1151-1152. See also Fairmont Re-Bar Fab v. White, 438 So.2d 991 (Fla. 1st DCA 1983); Four Quarters Habitat, Inc. v. Miller, 405 So.2d 475 (Fla. 1st DCA 1981).
Accordingly, the order is reversed and the cause remanded for the deputy commissioner to make findings of fact and conclusions of law concerning the penalty imposed. In all other respects the order appealed is affirmed.
JOANOS and THOMPSON, JJ., concur.