JOANOS, Judge.
In this worker’s compensation appeal the employer and carrier, United General Construction and Florida Insurance Guaranty Association, assert that the deputy commissioner erred by 1) ordering the employer and carrier to pay penalties, and 2) by awarding wage loss benefits. We affirm in part and reverse in part.
We reverse the deputy’s order as to the assessment of penalties, for two reasons. First, we reverse because the order does not include a finding of fact or conclusion of law regarding the penalties awarded (in either the current or 1985 order). See Florida Power and Light Co. v. Mulkerrin, 444 So.2d 583 (Fla. 1st DCA 1984); Stardust Motel v. St. Claire, 418 So.2d 1151 (Fla. 1st DCA 1982). Our second reason for reversal is because claimant concedes that the assessment of penalties against the employer and carrier pursuant to section 440.20 Florida Statutes, was error, except for September and October 1985, and February 1986.[1] There is noth *49 ing in the record before us indicating that the employer and carrier controverted the claims filed for September and October 1985. There is documentation that the employer and carrier controverted the February 1986 claim, but in an untimely fashion. We remand the matter to the deputy for a review and clarification because in his order, the deputy ordered penalties after expressly finding that the wage loss forms filed by claimant were “controverted by the carrier.”
We affirm the wage loss award. This case was previously before this court. See United General Construction v. Cason, 479 So.2d 833 (Fla. 1st DCA 1985), wherein this court affirmed the deputy’s previous finding of a one percent permanent physical impairment. We have reviewed the old record and again found that the deputy’s original award of wage loss benefits based on appellant’s shoulder injury was supported by competent substantial evidence. Further, Dr. Bush, claimant’s treating physician, stated that he had no reason to think that claimant is a malingerer, even though he can not medically explain the source of claimant’s continued discomfort. Also, there is evidence that claimant performed an adequate job search, but found that the only available jobs, such as cook and gas station attendant, did not pay as much as delivering bulk newspapers. Although claimant repeatedly contacted his contractor associates, the evidence reflects that none had jobs that he could perform adequately. Claimant was a carpenter all his life, fifteen to twenty years, and has limited training and education.
Finally, the deputy’s order is ambiguous in awarding wage loss from “November 1984 forward.” Neither party has cited authority helpful in resolving the ambiguity. Therefore, we direct the deputy *50 commissioner on remand to also clearly state the time period for which he is awarding wage loss benefits, penalties, and interest.
The award of wage loss is affirmed. However, we reverse the award of penalties and remand for proceedings consistent with this opinion.
SHIVERS and THOMPSON, JJ., concur.

. Section 440.20 Florida Statutes (1985) provides in pertinent part:
440.20 Payment of compensation.—
(1) Compensation under this chapter shall be paid periodically, promptly in the usual manner, and directly to the person entitled thereto, without an award, except when liability to pay compensation is controverted by the employer.
[[Image here]]
(6) If the employer or carrier initially controverts the right to compensation, it shall file with the division, on or before the 21st day after it has knowledge of the alleged injury or death, a notice, in accordance with a form prescribed by the division, stating that the right to compensation is controverted, the name of the claimant, the name of the employer, the date of the alleged injury or death, and the grounds upon which the right to compensation is controverted, together with a written explanation setting forth in detail the reason or reasons why the claim has been controverted; and a copy of such notice shall be furnished by the carrier to the employee and employer. If the employer or carrier *49 initially accepts the claim but subsequently controverts the claim, it shall file with the division a notice to controvert, within 10 days after the date of initial cessation of benefits, stating the reasons for the delayed controversion; and a copy of such notice shall be furnished by the carrier to the employee and employer.
(7)If any installment of compensation for death or dependency benefits, disability, permanent impairment, or wage loss payable without an award is not paid within 14 days after it becomes due, as provided in subsection (2), subsection (3), or subsection (4), there shall be added to such unpaid installment a punitive penalty of an amount equal to the greater of 10 percent of the unpaid installment or $5, which shall be paid at the same time as, but in addition to, such installment of compensation, unless notice is filed under subsection (6) or unless such nonpayment results from conditions over which the employer or carrier had no control. When any installment of compensation payable without an award has not been paid within 14 days after it became due and the claimant concludes the prosecution of the claim before a deputy commissioner without having specifically claimed additional compensation in the nature of a penalty under this section, he will be deemed to have acknowledged that, owing to conditions over which the employer or carrier had no control, such installment could not be paid within the period prescribed for payment and to have waived his right to claim such penalty. However, during the course of a hearing, the deputy commissioner shall on his own motion raise the question of whether such penalty should be awarded or excused. The division may assess without a hearing the above-mentioned 10-percent additional payment against either the employer or the insurance carrier, depending upon who was at fault in causing the delay. The insurance policy cannot provide that this sum will be paid by the carrier if the division or the deputy commissioner determines that the 10-per-cent additional payment should be made by the employer rather than the carrier. Any additional installment of compensation paid by the carrier pursuant to this section shall be paid directly to the employee.
(8) If any compensation, payable under the terms of an award, is not paid within 30 days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 percent thereof, which shall be paid at the same time as, but in addition to, such compensation, unless review of the compensation order making such award is had as provided in s. 440.25.
(9) In addition to any other penalties provided by this chapter for late payment, if any installment of compensation is not paid when it becomes due, the employer, carrier, or servicing agent shall pay interest thereon at the rate of 12 percent per year from the date the installment becomes due until it is paid, whether such installment is payable without an order or under the terms of an order. The interest payment shall be the greater of the amount of interest due or $5. (emphasis supplied).