424 So.2d 112 (1982)
QUALITY PETROLEUM CORPORATION and Federated Mutual Insurance Company, Appellants,
v.
Elyse Dula MIHM, Appellee.
No. ZZ-270.
District Court of Appeal of Florida, First District.
December 22, 1982.
Bernard J. Zimmerman and W. Michael Miller, of Akerman, Senterfitt & Eidson, Orlando, for appellants.
Susan R. Whaley, of Macfarlane, Ferguson, Allison & Kelly, Tampa, and W. James Kelly, Lakeland, for appellee.
SHIVERS, Judge.
Claimant sustained a compensable injury on November 4, 1979, when she fell from a ladder injuring her right leg. She was conservatively treated for approximately one week by her family physician. Her leg continued to be swollen and painful, and she was subsequently diagnosed as having a large hematoma with partial infection. Claimant was hospitalized and surgical treatment rendered.
A claim for benefits was filed on February 18, 1980, seeking temporary total disability benefits for the period of time prior to March 25, 1980, and wage loss benefits subsequent to that date. Based on the depositional testimony and medical reports of Dr. Melton and other treating physicians, the deputy commissioner found claimant reached maximum medical improvement on March 25, 1980, and sustained a ten percent (10%) permanent partial impairment of the *113 right lower extremity. The deputy found that following claimant's maximum medical improvement on March 25, 1980, claimant made a good faith work search. Based on other testimony presented, including that of the claimant, the deputy found claimant incurred a total loss of wages for the period of March 25, 1980, until June 7, 1980. The deputy computed claimant's compensation rate to be $184.15 per week. The employer and carrier contend, and claimant concedes, that the deputy erred in the computation of that compensation rate. The deputy further ordered the employer and carrier to pay temporary total disability benefits for the period of January 14, 1980, through March 25, 1980. The costs of the proceedings were assessed against the employer and carrier.
The evidence presented to the deputy commissioner on the issue of permanent impairment came from Dr. Melton's medical reports and his deposition. It was established that claimant was evaluated by Dr. Melton, an orthopedic surgeon, in March of 1980. He opined that claimant had reached maximum medical improvement from an orthopedic standpoint on March 25, 1980, and had sustained a ten percent (10%) permanent partial disability of the right lower extremity. Dr. Melton testified that his rating was based upon a reasonable medical probability but that he did not use the American Medical Association Guides to Permanent Impairment in arriving at this rating. He explained that the AMA Guides did not cover the type of functional disability which was involved in this case such as soft tissue scarring, impairment of local circulation, probability of recurring infection, recurrent swelling and pain. Dr. Melton testified that his rating was not inconsistent with the AMA Guides but rather that the AMA Guides did not address this type of injury. This testimony was not contradicted by any other evidence presented to the deputy commissioner.
On appeal, employer/carrier contend that the deputy erred in awarding wage loss benefits since the claimant's permanent partial disability was not determined in conformity with section 440.15(3), Fla. Stat., and that the finding was otherwise unsupported by competent, substantial evidence. Additionally, appellant contends the deputy erred in awarding temporary total disability benefits in that there was no medical evidence supporting an inability to work and claimant failed to make any work search during this period of time. Finally, appellant contends that the deputy commissioner erred in requiring the employer to pay the costs of the proceedings.
Section 440.15(3), Fla. Stat. (1979), establishes the American Medical Association's Guides to the Evaluation of Permanent Impairment as the temporary schedule to be used for determining permanent impairment. It appears from that statute that the Legislature did not intend the AMA Guides to remain the sole standard for determining permanent impairment, but rather envisioned the division establishing additional schedules, based on generally accepted medical standards, for determining the existence and degree of permanent impairment. To date, the division has failed to establish any permanent schedule and the American Medical Association's Guides to the Evaluation of Permanent Impairment continues to be the only schedule authorized by the statute.
Appellant contends that since claimant's injury did not result in permanent impairment as measured by that guide, there is no statutorily permissible method to evaluate claimant's permanent impairment. Appellant concludes that claimant cannot legally be considered to have any permanent impairment. It is suggested by appellee that it would be contrary to the purpose of the Workers' Compensation Act to deny claimants any compensation when they have permanent impairment based upon generally accepted medical standards just because their particular disability is not included within the American Medical Association's Guides. We agree. Where the uncontradicted sworn testimony establishes that an injured employee has suffered permanent physical impairment, but that impairment is not addressed by the American *114 Medical Association's Guides, it is not error for the deputy to rely on medical testimony of permanent impairment based upon other generally accepted medical standards. Rhaney v. Dobbs House, Inc., 415 So.2d 1277 (Fla. 1st DCA 1982).
Although we affirm the deputy's finding of permanent impairment, we are compelled to reverse in part the award of wage loss benefits. Section 440.15(3)(b), Fla. Stat. (1979), states that wage loss benefits shall be based upon actual wage loss and shall be computed on the difference between claimant's average monthly wage before the compensable accident and the salary claimant is able to earn after reaching maximum medical improvement. The burden is on the employee to establish that any wage loss claimed is the result of the compensable injury. Section 440.15(3)(b)(2), Fla. Stat. (1979).
Claimant is required to show a change in employment status due to the injury and an adequate and good faith attempt to secure employment commensurate with claimant's abilities. Claimant was awarded wage loss benefits from March 25, 1980, until June 7, 1980, but claimant admitted that she did not begin to look for work until May of 1980.
Although exact coincidence is not required, there should be a reasonable temporal relation between a good faith work search and the wage loss benefits claimed. The award of total loss of wages for the period March 25, 1980, through April 30, 1980, is, thus, not supported by competent, substantial evidence. However, there is competent, substantial evidence that beginning in May, 1980, claimant made a good faith work search and that she is entitled to an award of total loss of wages from May 1, 1980, through June 7, 1980, as a result of her compensable injury. Accordingly, this portion of the order is affirmed in part and reversed in part.
The deputy's finding that claimant was entitled to receive temporary total disability benefits from January 14, 1980, through March 25, 1980, is not supported by competent, substantial evidence and must also be reversed. Claimant's family physician, Dr. Albo, released claimant to return to normal work as of January 14, 1980. Dr. Melton described claimant's condition as scar tissue which tends to swell and remain tender and symptomatic to some extent, but he did not disagree with Dr. Albo's opinion that claimant was able to return to work in January of 1980. Claimant admitted that she did not begin looking for work until May of 1980, because prior to that time she could not walk on her leg as it was too painful. A claimant's testimony as to being unable to work due to pain is not sufficient to establish temporary total disability in the absence of medical evidence of inability to work. Tallahassee Coca Cola Bottling Company v. Parramore, 395 So.2d 275 (Fla. 1st DCA 1981).
We affirm the taxing of costs against the employer and carrier. Hatch v. City Cab Co., 382 So.2d 895 (Fla. 1st DCA 1980).
Accordingly, this cause is AFFIRMED in part, REVERSED in part and REMANDED to the deputy commissioner with instructions to enter an order consistent with this opinion.
BOOTH and LARRY G. SMITH, JJ., concur.