438 So.2d 450 (1983)
FLORIDA SHERIFFS YOUTH FUND and Southeastern Fire Insurance Company, Appellants,
v.
Leatrice J. HARRELL, Appellee.
No. AQ-101.
District Court of Appeal of Florida, First District.
September 19, 1983.
Rehearing Denied October 14, 1983.
*451 Jeffrey R. Fuller of Williams, Brasfield, Wertz, Fuller & Lamb, St. Petersburg, for appellants.
Susan R. Whaley of MacFarlane, Ferguson, Allison & Kelly, Tampa, and H. Guy Smith, P.A., Lakeland, for appellee.
NIMMONS, Judge.
The employer/carrier (E/C) appeal from a wage loss award to claimant. E/C's sole point is that there was no evidence of permanent impairment under the American Medical Association's Guides to the Evaluation of Permanent Impairment (AMA Guides) under the provisions of Section 440.15(3)(a)3, Florida Statutes (1981), and there was no justification for the deputy commissioner to go outside the AMA Guides to find permanent impairment. We affirm.
On July 3, 1981, claimant sustained a fall injuring her back and knee. The knee injury is not an issue here as there was no permanent impairment thereto. Claimant was initially treated by Dr. Melton, an orthopedic surgeon, who testified that the last time he had seen her he did not anticipate that she would have any physical impairment although he did not rule it out. Subsequently, claimant saw another orthopedic surgeon, Dr. Gale, who found no evidence of a permanent injury.
Claimant was seen by a third orthopedist, Dr. Earp, on February 5, 1982. He testified at the hearing before the deputy commissioner that his diagnosis was "chronic fibromyositis or sprain in the sacroiliac area on the right side" as a result of her industrial accident and that by the time he first saw her she had reached maximum medical improvement. He testified that, in his opinion, she had permanent impairment of 5% to 10% to the body as a whole. However, Dr. Earp acknowledged that such impairment was not based upon the AMA Guides because she had no limitation in range of motion. Instead, he based his opinion on his own experience and on disability ratings derived from guides issued by the American Academy of Orthopedic Surgeons.
According to Dr. Earp, the permanent impairment resulting from claimant's soft tissue injury to her sacroiliac is not covered by the AMA Guides since the Guides do not measure impairment to the back or pelvis in the absence of limitation of motion, disc lesions or fractures. The following are pertinent excerpts from Dr. Earp's testimony:
The patient has an area of discomfort rather well localized, aggravated by activity. She will have increased problem in this area, even occasionally developing some spasm, which will then subside and then be cleared up again, usually related to activity.
And it has shown a responsiveness to local injection, as performed by Dr. Melton in his report. So that the  but on a temporary basis, not a permanent basis.
The situation as it arises here represents an impairment of the individual's capability because of the sensitivity to stress, bending, lifting, prolonged sitting, things of that nature, that are limitations for this particular individual.
Therefore, this recurring situation with these limitations represents, in my opinion, impairment of her capability, or disability, if you prefer the term.
* * * * * *
The AMA Guidelines cover absence of parts  this is in the orthopedic section now. I am not talking about other areas  covers absence of parts, fixation of joints, arthrodesis in various positions, and only within the normal range of motion, and losses of range of motion from so-called normal range of motion.
* * * * * *
... In this instance [the AMA Guides are] particularly not appropriate because *452 [they do] not allow for the problem of the sensitivity of tissue with stress and the recurring difficulties that these patients have. It assumes a static state only, so to speak. It is something that is never changeable.
* * * * * *
... The AMA Guides refer to fractures. The AMA Guides refer to intervertebral disk lesions. And the AMA Guide refers to ranges of motion.
The assumption perhaps being, in somebody's mind, that the AMA Guide, talking about ranges of motion, that this is a static phenomenon. I submit that it is not a static phenomenon.
And therefore with soft tissue injuries, it doesn't truly address itself to the issue, because we are not talking about either disk lesions or fractures.
In Quality Petroleum Corp. v. Mihm, 424 So.2d 112, 113 (Fla. 1st DCA 1982), we observed:
Section 440.15(3), Fla. Stat. (1979), establishes the American Medical Association's Guides to the Evaluation of Permanent Impairment as the temporary schedule to be used for determining permanent impairment. It appears from that statute that the Legislature did not intend the AMA Guides to remain the sole standard for determining permanent impairment, but rather envisioned the division establishing additional schedules, based on generally accepted medical standards, for determining the existence and degree of permanent impairment. To date, the division has failed to establish any permanent schedule and the American Medical Association's Guides to the Evaluation of Permanent Impairment continues to be the only schedule authorized by the statute.
Although we have held that the use of the AMA Guides in determining the existence of permanent anatomical impairment is mandatory by virtue of the legislature's use of the mandatory language contained in Section 440.15(3)(a)3, Decor Painting & Iowa Mutual Insurance Company v. Rohn, 401 So.2d 899, 901 (Fla. 1st DCA 1981), we have recognized certain exceptions such as when the permanent impairment is obviously visible and demonstrable to the deputy or when the particular injury was not covered in the Guides. See Rhaney v. Dobbs House, Inc., 415 So.2d 1277, 1280 (Fla. 1st DCA 1982); Paradise Fruit Co. v. Floyd, 425 So.2d 9 (Fla. 1st DCA 1982).
The evidence is undisputed that the impairment resulting from the soft tissue injury described by Dr. Earp is not covered in the AMA Guides. Under virtually indistinguishable circumstances, this Court in Quality Petroleum Corp. v. Mihm, supra, recognized that the circumstances warranted an exception to the required use of the AMA Guides. We do so as well in the case sub judice and hold that it was not error for the deputy to rely upon competent medical testimony of permanent impairment based upon other generally accepted medical standards, particularly where it was contemplated over four years ago that the AMA Guides were to be used only on a temporary basis pending adoption of a permanent schedule by the Division of Workers' Compensation, no such schedule having been adopted.
The deputy's order is, therefore, AFFIRMED.
ROBERT P. SMITH and SHIVERS, JJ., concur.