466 So.2d 1263 (1985)
GREATER MIAMI ACADEMY and Crawford and Company, Appellants,
v.
Constance Ann BLUM, Appellee.
No. AW-287.
District Court of Appeal of Florida, First District.
April 15, 1985.
*1264 Jay M. Levy of Hershoff & Levy; Henry E. Fierro, Miami, for appellants.
Edwin H. Underwood, Jr. of Underwood, Gillis, Karcher & Valle, P.A., Miami, for appellee.
MILLS, Judge.
Greater Miami Academy and Crawford and Company appeal from a workers' compensation order finding Blum's mental disorder compensable. We reverse.
In October 1981, while a teacher at Greater Miami Academy, Blum chaperoned a class trip to a skating rink. She was knocked down at the rink, injuring her lower back. Despite the injury, she continued to teach, sometimes intermittently and under some sheltered conditions, through May 1982, the end of the school year.
In October 1982, Blum began therapy with a psychiatrist, Dr. Chona-Wylie. During the time between the accident at the skating rink and her first visit to Dr. Chona-Wylie, Blum remarried. She also moved from Miami, her home for many years, to Ormond Beach with her second husband and his three children. Blum's own adult daughter was killed in an automobile accident during this interval. Apart from her testimony that she was under a lot of stress and was having trouble concentrating and sleeping as of February 1982, there is no evidence Blum had any mental problems until July 1982.
In the order resulting from Blum's controverted claim for benefits, the deputy found Blum's mental condition causally related to the lower back injury. This finding was based on Dr. Chona-Wylie's testimony that, within reasonable medical probability, Blum suffers from reactive depression caused primarily by the back injury sustained in the fall at the skating rink. The deputy decreed, among other things, that the employer/carrier pay for past and future psychiatric care by Dr. Chona-Wylie.
To be compensable, a post-traumatic mental disorder must be the direct and immediate result of the industrial injury. Superior Mill Work v. Gabel, 89 So.2d 794 (Fla. 1956); Horse Haven v. Willit, 438 So.2d 123 (Fla. 1st DCA 1983). On the evidence presented, it cannot logically and reasonably be said that Blum's reactive depression is an immediate result of her lower back injury.
We do not hold that a 9-month interval between the date of accident and manifestation of the mental disorder precludes compensability as a matter of law. Rather, we conclude on these peculiar facts that the deputy abused his discretion in finding the condition compensable.
In view of our holding, we need not reach the other issues raised on appeal.
Reversed and remanded for further proceedings consistent with this opinion.
BARFIELD, J., concurs.
JOANOS, J., dissents with written opinion.
*1265 JOANOS, Judge, dissenting.
I respectfully dissent from the majority opinion. I agree with the majority, that to be compensable, a post-traumatic mental disorder must be the direct and immediate result of the industrial injury. My disagreement with the majority comes in evaluating the evidence presented. While another finder of fact may have reached a different conclusion, there appears to have been competent, substantial evidence upon which the deputy commissioner reached his conclusion. Dr. Chona-Wylie testified that, within reasonable medical probability, Blum suffers from reactive depression caused primarily by the back injury received in the industrial accident. This is competent substantial evidence that the causation was direct. That there was a nine month interval between the date of the accident and manifestation of the mental disorder does not prevent the finder of the facts from determining that the mental disorder was the immediate result of the accident. We should, therefore, not retry the claim but affirm the order. Swanigan v. Dobbs House, 442 So.2d 1026, 1027 (Fla. 1st DCA 1983).