479 So.2d 833 (1985)
UNITED GENERAL CONSTRUCTION and Mission Insurance Company, Appellants,
v.
Horace CASON, Appellee.
No. BF-91.
District Court of Appeal of Florida, First District.
December 13, 1985.
*834 Jack A. Langdon, P.A., Gainesville, for appellants.
Robert J. Denson, Stripling and Denson, P.A., Gainesville, for appellee.
JOANOS, Judge.
This is an appeal from a workers' compensation order in which the deputy commissioner awarded wage-loss benefits, costs, and attorney's fees to the claimant. Two issues are raised on appeal: (1) whether there was competent, substantial evidence in the record to support the deputy commissioner's finding that claimant had suffered a permanent impairment, and (2) whether there was competent substantial evidence to support the award of attorney's fees.
We affirm in part and remand for further findings as to the issue of attorney's fees.
In this case, the claimant in a worker's compensation dispute was awarded permanent impairment benefits based primarily upon a physician's testimony. The physician's opinion testimony was based upon his personal judgment of the claimant's history of subjective complaints of pain and specifically excluded consideration of the recognized medical reference guides. Thus, the first issue is whether the record supports the deputy commissioner's reliance upon this testimony or more specifically, whether the physician's testimony was competent and substantial to prove the permanency of the impairment.
We find that the record does support the deputy's finding that the claimant suffered a permanent impairment. We reaffirm our holding in Martin County School Board v. McDaniel, 465 So.2d 1235 (Fla. 1st DCA 1984), that where prescribed medical rating guides do not adequately address an impairment, the deputy may properly rely upon a physician's qualified expert opinion which utilizes experience in treating the specific claimant, and experience in treating the type of impairment in question. Such an opinion will suffice without reliance on a medical manual or guide. In Martin, as in this case, the physician's opinion was particularly compelling due to the length of time spent in evaluating and monitoring the pattern of subjective symptoms.
Turning to the award of attorney's fees, Section 440.34(3), Fla.Statutes, presents a threshold which the claimant must affirmatively cross in order to recover attorney's fees. The ground upon which entitlement to attorney's fees is based must be stated by the deputy. Structural Forming, Inc. v. Mas, 440 So.2d 488 (Fla. 1st DCA 1983). This was not done by the deputy commissioner in his order. Therefore, we remand for further findings as to the premise for the award of attorney's fees.
Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
ERVIN and BARFIELD, JJ., concur.