484 So.2d 1312 (1986)
Sam GIARAMITA, Appellant,
v.
DADE COUNTY SCHOOL BOARD and Gallagher Bassett, Appellees.
No. BH-452.
District Court of Appeal of Florida, First District.
March 6, 1986.
*1313 Ira J. Druckman, Miami, for appellant.
Jeffrey S. Breslow, of Adams, Kelley and Kronenberg, Miami, for appellees.
WIGGINTON, Judge.
Appellant appeals the deputy commissioner's denial of his claim for permanent total disability benefits. We reverse.
The fifty-eight year old appellant, who has a tenth grade education and a job history in plumbing, roofing, and as a laborer, injured his back in a work related accident while employed by the appellee School Board as a plumber's helper. His treating neurosurgeon, Dr. Wancier, diagnosed chronic lumbar radiculitis but referred appellant to Dr. Epstein, an endocrinologist, for treatment of labile hypertension. Dr. Wancier found that appellant reached maximum medical improvement from a neurological standpoint on February 9, 1983, with a 50 percent permanent impairment. He restricted appellant from lifting over twenty pounds, prolonged standing or sitting, squatting, and fine manipulation of the legs. He was of the opinion that appellant could return to light duty work. He testified that his treatment of appellant related only to appellant's back and not to his hypertension condition.
Dr. Epstein provided the only medical evidence as to appellant's hypertension condition. He was of the opinion, and that opinion was uncontradicted, that appellant's hypertension, which was non-symptomatic prior to the accident, is aggravated by his back pain. He stated that appellant's labile hypertension condition results in increased blood pressure with excitement, upset, or pain. He stated: "If he does anything for any long period of time, or any extended amount of time, he has back pain which makes his blood pressure go up."
In his August, 1984 deposition, Dr. Epstein opined that he could control appellant's blood pressure through the use of medication, and, if he were successful, appellant could return to some types of work. In his deposition of June 13, 1985, he again stated that if appellant's blood pressure could be brought down well below its present rate, and remain fairly steady at an acceptable normal level, appellant could "possibly try to go back to work." However, he further related that during the past year, he had been unable adequately to control appellant's blood pressure with medication. He thus explained:
After seeing him over this long period of time, as you point out very frequently, his blood pressure really fluctuates, and I believe any type of instability in his work habits, or in his life-style, will cause his blood pressure to really shoot up, and I would not recommend it because I fear *1314 that he may suffer a stroke or a heart attack.
Consequently, he concluded that appellant should not return to work. He further stated that he believed appellant had reached maximum medical improvement in regard to his hypertension condition.
Appellee School Board provided appellant with two different sheltered jobs which involved duties well within the neurological restrictions placed upon appellant by Dr. Wancier. Evidence showed that appellant quit the second of those two jobs on his own accord. Evidence was presented that the School Board was prepared to offer appellant a gate guard job, which appellant had refused, explaining that he felt such a job would be a waste of time and he would not be willing to "gamble at it."
The deputy found that appellant has voluntarily limited his income by refusing to take the gate guard job which is well within the neurological restrictions imposed by Dr. Wancier. The deputy specifically rejected the testimony of Dr. Epstein, classifying it as contradictory and irreconcilable since Dr. Epstein had stated in 1984 that with proper medication, appellant could return to work, but in his June, 1985 deposition, he found appellant unable to work.
Contrary to the deputy's finding in regard to Dr. Epstein's deposition testimony, we find his testimony to be totally consistent in logic and reason. He was of the opinion in August, 1984 that appellant's blood pressure could be controlled by medication and, if so, appellant could return to light duty work. However, after treating appellant for approximately ten more months and having met with failure in bringing appellant's blood pressure adequately under control, Dr. Epstein reevaluated his original assessment of appellant's condition and determined that, in his opinion, appellant's condition was not receptive to control by medication. He explained that although appellant's blood pressure fell close to a high/normal range at isolated times, his pressure was not under control; it continued to be highly fluctuating which, he explained, leaves appellant very susceptible to a heart attack or stroke at all times. He noted that appellant's blood pressure elevates with any type of stress. Consequently, he was of the opinion that appellant could not perform even light duty work. In light of his uncontradicted opinion, the sheltered jobs offered to appellant by the School Board were not acceptable considering all of appellant's restrictions, and thus refusing them did not amount to a voluntary limitation of income.
Since we cannot accept the deputy's finding that Dr. Epstein's testimony was contradictory and irreconcilable, we find that the deputy abused his discretion in rejecting Dr. Epstein's uncontroverted medical testimony without a reasonable explanation. See Robinson v. JDM Country Club, 455 So.2d 1077 (Fla. 1st DCA 1984) and Polk Nursery Company, Inc. v. Riley, 433 So.2d 1233 (Fla. 1st DCA 1983). In presenting the testimony of Dr. Epstein, appellant carried his burden of showing that due to his condition as a result of his compensable accident, he is medically unable to work. Since both Dr. Wancier and Dr. Epstein found that appellant has reached maximum medical improvement, appellant is entitled to permanent total disability benefits.
REVERSED and REMANDED for further proceedings consistent with this opinion.
ERVIN, J., and McCORD, GUYTE P., Jr. (Ret.), Associate Judge, concur.