509 So.2d 1195 (1987)
Sarah B. PATTERSON, Appellant,
v.
WELLCRAFT MARINE, and Crawford & Company, Appellees.
No. BK-196.
District Court of Appeal of Florida, First District.
June 30, 1987.
Rehearing Denied August 5, 1987.
*1196 John T. Fryback, P.A., Bradenton, for appellant.
Claire L. Hamner of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, Sarasota, for appellees.
ERVIN, Judge.
In this workers' compensation case, appellant/claimant appeals from an order denying her claim for wage-loss benefits, entered on the ground that claimant had failed to meet her threshold burden of showing that she had sustained a permanent impairment as a result of her injury. We reverse and remand.
Claimant suffered an industrial injury on September 21, 1984, when, while working as a fiberglasser, she slipped, fell backwards and hit her lower back. Her injury was initially diagnosed as a lumbar strain, and rest was recommended. Upon returning to work, she continued to suffer muscle spasms, soreness and pain in her lower back. In February 1985, she was admitted to the hospital, where a diagnostic myelogram and CT scan were performed, both of which were negative. Appellant returned to work on a light duty status, but shortly thereafter experienced additional pain in her lower back, left leg and hip. She was eventually terminated because of absences on the job. Following her termination, she revisited one of her treating physicians, Dr. Sprenger, who recommended that she not continue work until a second opinion was obtained.
Dr. Meriwether, a neurosurgeon, was later approved by the employer to examine the appellant. Examinations were conducted in May, July, and August of 1985, leading to Dr. Meriwether's concurrence in Dr. Sprenger's earlier assessment that the appellant was suffering from chronic lumbar back strain, which in Meriwether's view caused decreased range of motion, together with lumbar muscle spasm to a mild degree. In his opinion appellant had reached MMI in September 1985, with a permanent anatomical impairment of five percent, pursuant to the AMA Guides and the orthopedic supplement thereto. Dr. Meriwether explained that his disability rating was actually "a subjective assessment based on watching the patient move from side-to-side or forward and back; and palpating the lumbar muscles ... [to] see if in fact there is spasm present and whether or not the spasm is released with appropriate movement to one side or the other." He admitted that his opinion was based primarily on his experience and evaluation of the claimant.
The claimant was also examined by Dr. Kauffman, an orthopedic surgeon, in July 1985. In Dr. Kauffman's opinion, claimant had suffered both a "lumbar strain and sprain." At the time of his examination, ten months following the injury, he placed restrictions upon her activities, including no excessive bending, squatting or lifting for the next two to three months. In his view, while the long-term prognosis of her condition was favorable, there would be some intermittent exacerbations and remission, but a gradual decreasing of her symptoms should be expected. He concluded his report by releasing her without any permanent impairment based upon the AMA Guides, because she had full range of motion.
In reaching his order denying the claim for wage-loss, the deputy commissioner rejected the testimony of Dr. Meriwether, stating that the physician's disability rating was based on subjective complaints *1197 only, there being no objective findings. We disagree. Although a deputy clearly has the right to accept the opinion of one physician over that of others, S and S Stove Repair, Inc. v. Dumas, 465 So.2d 644, 646 (Fla. 1st DCA 1985), he does not have the right to reject the unrefuted medical testimony of an expert witness. Calleyro v. Mt. Sinai Hospital, 504 So.2d 1336, 1337 (Fla. 1st DCA 1987). We consider that the essential basis of Dr. Meriwether's disability rating was unrefuted by any other medical testimony. In fact, Dr. Kaufman, who opined that claimant had suffered no permanent impairment, offered testimony that was in other material respects supportive of Dr. Meriwether's, in that he described claimant as suffering from lumbar sprain as well as strain, and placed restrictions on her physical activities. Significantly, both his medical report and testimony never refuted Dr. Meriwether's observations of muscle spasms.
Additionally, and perhaps most importantly, Dr. Kauffman's determination that claimant had suffered no permanent impairment was based exclusively upon the AMA Guides, which have no applicability to the type of injury suffered by claimant: lumbar back strain. In Florida Sheriffs Youth Fund v. Harrell, 438 So.2d 450 (Fla. 1st DCA 1983), this court observed that soft tissue injury is not covered by the Guides, because they do not measure impairment to the back or pelvis in the absence of limitation of motion. Quoting with approval from the attending physician's testimony, we observed that as to soft tissue injuries, the Guides do not truly address such injuries, because they refer either to disk lesions or fractures. The AMA Guides' failure to take into consideration the type of soft tissue injury described by Dr. Meriwether was also discussed by this court in Martin County School Board v. McDaniel, 465 So.2d 1235 (Fla. 1st DCA) (on rehearing en banc), appeal and cross-appeal dismissed, 478 So.2d 54 (Fla. 1985), in which we observed the basic similarities between the facts in Harrell and those in McDaniel, wherein both patients suffered soft tissue injuries, and medication was prescribed for the specific purpose of preventing acute muscle spasms.
The basic underpinnings of Dr. Meriwether's disability rating, moreover, were not refuted by any of the attending physicians. Most of the medical reports in the record did not address the question of whether appellant had achieved MMI, and, if so, whether she had sustained a permanent impairment. Moreover, all of the doctor's reports disclose that claimant had sustained some type of soft tissue injury to the lower lumbar region, but because claimant had either full or nearly full range of motion, those doctors who considered that appellant had suffered no permanent impairment apparently based their conclusion upon the Guides, which, as stated, are not applicable to the type of injury suffered by appellant.
Under circumstances where prescribed medical rating guides do not adequately address an impairment, we have recognized that the deputy can properly upon a physician's qualified expert opinion, which utilizes experience in treating a claimant, and that such an opinion will suffice without reliance on a medical manual or guide. United General Construction v. Cason, 479 So.2d 833, 834 (Fla. 1st DCA 1985); Martin County School Board v. McDaniel.
We therefore conclude that the deputy did not have the right to reject the unrefuted testimony of claimant's expert witness. Calleyro v. Mt. Sinai Hospital. See also Curtis v. Florida Correctional Institute, et al., 509 So.2d 1192 (Fla. 1st DCA 1987).
The order finding that the claimant has sustained no permanent disability as a result of the accident is reversed, and the cause is remanded for further consistent proceedings.
SHIVERS and ZEHMER, JJ., concur.