569 So.2d 464 (1990)
LIL CHAMP FOOD STORES, INC. and Feisco, Appellants,
v.
Kelley A. POWERS, Appellee.
No. 89-2606.
District Court of Appeal of Florida, First District.
September 7, 1990.
On Motion for Rehearing and Clarification November 13, 1990.
*465 Jack A. Langdon and Carol L. Marden, of Langdon, McCarty & Helm, P.A., Gainesville, for appellants.
Douglas W. Abruzzo, of Barton, Davis & Fernandes, Gainesville, for appellee.
SHIVERS, Chief Judge.
The Employer/Carrier (E/C) appeal a workers' compensation order awarding temporary total (TTD) and temporary partial (TPD) disability benefits, psychological treatment and bad faith attorney's fees.
Claimant injured her wrist while stacking beer cases for the employer and several months later, while working, was the victim of three robberies. During the first robbery, the robbers grabbed claimant by her hair and dragged her behind the counter, abusing her verbally. After she opened the safe, they knocked her to the ground, re-injuring her wrist.
The E/C raise four issues. First, they contend the Judge of Compensation Claims erred in requiring payment for psychological treatment. Claimant testified as to her fears and anxieties resulting from the robberies. Claimant's psychiatrist, Dr. Orlando, testified that "the continuing pain that she experiences seems to trigger continual awareness of the event of the robbery and injury and serves to heighten her preoccupation with her own vulnerability and body symptoms." Dr. Orlando wrote, referring to the robberies, that claimant "appears to me to be diagnosable as having a post-trauma neurosis as a result of her reaction to this series of events."
In his order the judge required the E/C to authorize future psychiatric treatment by Dr. Orlando. The order does not state that the judge finds claimant's psychiatric condition to be causally related to either her initial wrist injury or the injury and traumas that resulted from the robberies.
Normally, "[a] mental or nervous injury due to fright or excitement only ... shall be deemed not to be injury by accident arising out of the employment... ." Section 440.02(1), Fla. Stat. (1985). In Superior Mill Work v. Gabel, 89 So.2d 794, 795 (Fla. 1956), the supreme court held that "there must be an actual physical injury upon which to predicate compensation for a neurosis." See also Byrd v. Richardson-Greenshields Securities, Inc., 552 So.2d 1099 (Fla. 1989). In a case nearly on point, Prahl Brothers, Inc. v. Phillips, 429 So.2d 386 (Fla. 1st DCA 1983), the robber placed a handgun to the claimant's head, took a ring from her finger, and forced her to lie on the floor. The claimant's treating physician testified that claimant's psychiatric impairment was precipitated by the employment-related robbery "and that a gun being placed to her head and a ring being physically removed from her finger were significant circumstances in the causal etiology of claimant's mental injury." A psychiatric condition is not compensable unless it is shown that the condition is the direct and immediate result of a physical injury. Superior Mill Work, supra.
Although we are inclined to affirm on this issue, we are constrained to remand *466 because the order does not contain a specific finding that claimant's mental disorder is the direct and immediate result of the industrial injury. We remand for a finding whether claimant has a psychological condition causally related to either her initial wrist injury or to her injury and trauma from the robberies, with authority to take additional evidence, if necessary. The order on remand should address whether the injuries or physical abuse are significant circumstances in the causal etiology of claimant's mental injury.
We find no error in the awarding of benefits challenged on the second issue except for benefits based on the psychiatric determination. These benefits are dependent on the resolution of the first issue. We affirm in part, and remand in part on this second issue.
On the third issue, the issue of bad faith attorney's fees was not raised at the hearing, and there was no opportunity to present evidence on the issue. There is no claim for bad faith fees evident in any of the claims or in the pretrial stipulation. We reverse the award of bad faith attorney's fees.
We affirm on the fourth issue, as the language of the order permits the E/C to calculate the average weekly wage applicable to these periods, without including the provided health insurance benefits.
AFFIRMED in part and REVERSED and REMANDED in part.
JOANOS and MINER, JJ., concur.

ON MOTION FOR REHEARING AND/OR CLARIFICATION
We treat claimant's Motion for Rehearing and/or Clarification as a motion for clarification. We grant the motion and clarify our opinion of September 7, 1990 as follows:
While general references to attorney's fees are found in the record, bad faith attorney's fees were not specifically requested and noticed; and there was no opportunity to present evidence on the issue. The award of bad faith attorney's fees was therefore premature. We reverse and remand with directions to conduct a hearing on the question of claimant's entitlement to bad faith attorney's fees. Haas v. Seekell, 538 So.2d 1333 (Fla. 1st DCA 1989).
JOANOS and MINER, JJ., concur.