588 So.2d 276 (1991)
WAL-MART STORES and Corporate Service Inc., Appellants,
v.
Pamela J. TOMLINSON, Appellee.
No. 91-116.
District Court of Appeal of Florida, First District.
October 24, 1991.
Rehearing Denied December 2, 1991.
*277 Alfred J. Hilado, Steven S. Eichenblatt and John C. Bachman, Zimmerman, Shuffield, Kiser & Sutcliffe, Orlando, for appellants.
Susan W. Fox of MacFarlane, Ferguson, Allison & Kelly, Tampa, and Dean Burnetti, H. Guy Smith, P.A., Lakeland, for appellee.
KAHN, Judge.
The Employer/Carrier (E/C) appeal an order of the Judge of Compensation Claims (JCC) awarding benefits to Pamela J. Tomlinson due to physical and mental injuries resulting from an industrial accident. The E/C argue that the JCC erred in finding that Tomlinson's mental condition was causally related to the industrial accident. We affirm.
On March 24, 1989, Tomlinson was stocking shelves at a Wal-Mart store when a container of Sani-Flush exploded, covering her face, hair and upper torso. As a result of this industrial accident Tomlinson developed asthma, sometimes characterized in the record as hyperactive airways disease. Tomlinson's doctors allowed her to return to work as long as she avoided fumes or bronchial irritants which cause asthma attacks. However, Tomlinson continued to suffer asthma attacks while working.[1] On October 12, 1989, Tomlinson consulted Dr. Thomas McClane, a psychiatrist. Dr. McClane conducted a psychiatric evaluation and stated that at that time his diagnosis was mild agoraphobia and the only restrictions that she had were physical ones. When Tomlinson's emotional state continued to worsen she again consulted Dr. McClane, complaining of panic attacks, depression and suicidal thoughts on March 6, 1990. At this time Dr. McClane opined that Tomlinson's mental condition was related to the industrial accident and restricted her from working.
To be compensable, a mental injury must (1) be predicated on an actual physical injury and (2) not be remote from the accident. Superior Mill Work v. Gabel, 89 So.2d 794, 795 (Fla. 1956). In other words, the mental injury must be the direct and immediate result of the industrial injury. The failure of the physical injury to be disabling does not affect the compensability of the mental injury. Prahl Brothers, Inc. v. Phillips, 429 So.2d 386 (Fla. 1st DCA 1983). There is also no specific time period for the manifestation of a mental injury. Greater Miami Academy v. Blum, 466 So.2d 1263 (Fla. 1st DCA 1985) (a nine month delay in the manifestation of a mental condition is not by itself proof of indirect causation).
Even though the full manifestations of Tomlinson's mental condition did not surface until almost a year after her physical injury, we find that the JCC did not err *278 in the award of benefits. In the order granting Tomlinson's claim for benefits the JCC stated:
I find, because of the claimant's repeated asthmatic attacks while she was at work and exposed to any form of chemical fumes, etc., as documented in the history from the claimant as well as the medical testimony of Dr. McMicken, the claimant began to suffer from emotional difficulties... . I accept the opinion of Dr. McClane in his depositional testimony that these diagnoses were causally related to the claimant's industrial injury and exposure of March 24, 1989.
The JCC's finding is supported by competent substantial evidence in the form of Dr. McClane's deposition testimony.[2] Causation is generally a question of fact. Antun Investments Corporation v. Ergas, 549 So.2d 706 (Fla. 3d DCA 1989). This court affords great deference to the JCC as a finder of fact. See Batka v. Duff's Smorgasbord, 560 So.2d 377 (Fla. 1st DCA 1990) (whether the appellate court would embrace a contrary interpretation of the evidence is irrelevant since court will not second guess the JCC when his findings are supported by competent substantial evidence). In describing the relationship between the mental condition and the accident, Dr. McClane stated:
It's an indirect but causal relationship. The incident caused apparent sensitization and a kind of an asthmatic syndrome on whenever she's exposed and possibly even at times when she fears exposure because of the psychological conditioning aspect of it... . This caused repeated symptoms whenever she's in an exposed situation. The bad recent asthma attack prior to my visit with her activated the asthmatic symptoms as well as the diarrhea symptoms which caused all together, plus the feeling of some harassment at work, this total stress in my opinion caused the depression and increased panic attacks and agoraphobia.
According to Dr. McClane, "indirect" means that as a result of the accident Tomlinson began to suffer from frequent asthma attacks which led to her development of psychiatric problems, in the form of panic attacks and agoraphobia. The problem is not simply Tomlinson's emotional reaction to asthma episodes; her great fear of asthma and panic attacks has led her to become agoraphobic, literally in fear of even being out and about.
We reject the E/C's assertion that Dr. McClane's characterization of the causal relationship as "indirect" precludes a legal conclusion that the mental condition is not a "direct and immediate" result of the industrial accident. Superior Mill Work v. Gabel, supra. Further, the failure of the JCC to literally state in the order that Tomlinson's mental condition was the "direct and immediate result" of the accident does not invalidate the finding of causal relationship. Although this court remanded Lil Champ Food Stores v. Powers, 569 So.2d 464, 466 (Fla. 1st DCA 1990), "because the order does not contain a specific finding that the claimant's mental disorder is the direct and immediate result of the industrial injury," this was due to the JCC's failure to find any causal relationship between the injury and the claimant's psychiatric condition. In this case the JCC did find that there was a causal relationship.
The JCC's order sufficiently describes the causal relationship between the industrial accident and Tomlinson's mental condition and is supported by the evidence upon which the JCC chose to rely. Therefore, we affirm the compensation order.
SMITH and ZEHMER, JJ., concur.
NOTES
[1] The asthma attacks were not triggered only by exposure to the same substance involved in the March 24, 1989 accident. The accident "sensitized" her to other chemical substances, including cologne.
[2] Although Dr. Forman's testimony was contrary to that of Dr. McClane, the JCC was free to reject Dr. Forman's opinion.