ON REHEARING

ERVIN, Judge.
Appellant’s motion for rehearing is granted, our original opinion is withdrawn and the following opinion substituted for it.
We affirm all points raised by appellant/claimant in this workers’ compensation proceeding with the exception of the judge’s finding that claimant sustained no permanent impairment as a result of the industrial accident, and the judge’s failure to include a provision in the order directing appellee to pay all accrued underpayment resulting from the parties’ stipulation as to average weekly wage. As to the latter issue, appellees conceded the error; therefore, we reverse and remand with directions to modify the order by including the requested provision. As to the permanent impairment issue, we reverse and remand for clarification.
In finding no permanent impairment, the judge of compensation claims (JCC) relied on the testimony of Dr. Hoover, one of claimant’s treating physicians, who testified that under the AMA Guides, claimant had no permanent impairment; however, the doctor also stated that the AMA Guides did not specifically address claimant’s injury, and that, based on his professional experience after considering claimant’s subjective complaints of pain, claimant had suffered a permanent impairment of one to three percent. Dr. Hoover also testified that certain objective testing, a myelogram, an MRI, and a CT, indicated an abnormality, and that such defect was probably the source of claimant’s pain.
The law in Florida is well established that if the AMA Guides do not cover a particular impairment, the JCC may rely on a doctor’s qualified expert opinion which utilizes experience in treating the claimant and the particular type of injury or other generally accepted medical standards. Dayron Corp. v. Morehead, 509 So.2d 930, 931 (Fla.1987); Rodriguez v. Dade County Sch. Bd., 511 So.2d 712, 713 (Fla. 1st DCA 1987); Patterson v. Wellcraft Marine, 509 So.2d 1195, 1197 (Fla. 1st DCA 1987); United Gen. Constr. v. Cason, 479 So.2d 833, 834 (Fla. 1st DCA 1985); Martin County Sch. Bd. v. McDaniel, 465 So.2d 1235, 1240 (Fla. 1st DCA 1984) (on reh’g en banc), appeal & cross-appeal dismissed, 478 So.2d 54 (Fla.1985).
Because we are unable to reconcile the JCC’s finding of no permanent impairment with Dr. Hoover’s unrefuted opinion that claimant sustained a one to three percent permanent impairment,[1] we reverse and remand for further findings as to this issue.
*860 AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
BARFIELD and BENTON, JJ., concur.

. See Patterson v. Wellcraft Marine, 509 So.2d 1195, 1197 (Fla. 1st DCA 1987) (citing Calleyro v. *860 Mt. Sinai Hosp., 504 So.2d 1336 (Fla. 1st DCA 1987), for the proposition that a JCC does not have authority to reject unrefuted medical testimony).