PER CURIAM.
Appellants, the employer and carrier in this appeal of a worker’s compensation order, challenge an award of temporary total disability benefits and psychiatric treatment. We agree that the record lacks competent, substantial evidence to support the finding of the JCC that claimant’s psychiatric condition was causally connected to the industrial accident, and we therefore reverse.
Claimant was employed as a school bus driver when he suffered a compensable industrial accident on May 10, 1993. Claimant received treatment and was eventually released by his chiropractor for work. He returned to work as a bus aide, but because he repeatedly failed to report for work, his employment was terminated on September lo, 1993. His treating chiropractor found claimant to be at MMI with no physical impairment on October 10,1993.
Sometime thereafter, claimant began experiencing psychiatric problems, and he was briefly hospitalized for these problems. After an unsuccessful job search, claimant filed for wage loss benefits, temporary partial and/or temporary total disability benefits from November 10, 1994 and continuing, or in the alternative, permanent total disability benefits from October 13, 1993 and continuing, as well as authorization of chiropractic and psychiatric treatment, plus interest and fees. The appellants disputed the claim on numerous grounds, including the assertion that there is no medical documentation to causally link the claimant’s need for chiropractic or psychiatric care to the industrial accident.
While the JCC explicitly rejected the deposition testimony of claimant’s treating psychiatrist, Dr. Nancy Cutillar, M.D., the JCC found the deposition testimony of Dr. Ernest Miller, M.D., a psychiatrist who examined claimant for the purpose of an IME, was a sufficient basis for connecting the psychiatric condition to the physical complaints. The JCC found in the interim order,[1] in pertinent part:
Dr. Miller’s tentative diagnosis was that of anxiety disorder, possible post-traumatic stress disorder or schizophrenic disorder of a paranoid type_ Even though Dr. Miller did not specifically state that the claimant’s condition was a direct result of his industrial accident within a reasonable degree of medical probability or certainty, Dr. Miller did state that there was a “linkage” between claimant’s industrial accident and his current mental condition based upon a hypothetical provided by claimant’s counsel....
... Dr. Miller seem [sic] to indicate that there was a possible premorbid psychiatric *88 condition which was aggravated by this industrial accident absent some other identifying stressors.
... Certainly, Dr. Miller’s opinions are less than clear _[and] where [an] expert’s testimony is vague, uncertain, or ambiguous, the JCC should refrain from relying on isolated portions of the testimony and instead should consider all of the testimony and attempt to distill from it the essence of what the expert is attempting to say. I find that Dr. Miller opines that this industrial accident in some fashion contributed to the claimant’s psychiatric condition or at least aggravated any pre-exiting [sic] or pre-disposition psychiatric condition the claimant may have had.
(Emphasis supplied; bold in the original.) These findings do not squarely address “the pivotal question ... whether the physical injury is a causative factor in the claimant’s mental or nervous injury.” City of Holmes Beach v. Grace, 598 So.2d 71, 74 (Fla.1992). Nor does the record support a finding that claimant’s psychiatric condition is compensa-ble.
Under the law in effect at the time of the claimant’s industrial accident, a mental or psychological injury or condition, to be compensable, had “to be predicated on a physical injury and to directly and immediately result therefrom.” Anderson v. Wales Indus., 688 So.2d 379, 380-81 (Fla. 1st DCA 1997), citing Ackley v. General Parcel Serv., 646 So.2d 242 (Fla. 1st DCA 1994). As we said in Anderson,
[a] claimant was not required to show [pri- or to the 1993 amendments to section 440.09, Florida Statutes (Supp.1994) ] that the industrial accident was the sole cause of the mental injury or condition, but simply that it was a precipitating or accelerating cause. In other words, the industrial injury must have been an element in the causal chain resulting in or contributing to the wage loss. Even when a claimant had suffered physical injury, the psychological condition was not compensable if the medical evidence showed that it resulted from emotional or stress factors, rather than from the physical injuries.
688 So.2d at 381 (citations omitted). In other words, the mental injury must not be remote or incidentally related to the industrial accident but instead must be shown to be “the direct and immediate result of the industrial injury.” Ackley, 646 So.2d at 245, (citing Wal-Mart Stores v. Tomlinson, 588 So.2d 276 (Fla. 1st DCA 1991); Superior Mill Work v. Gabel, 89 So.2d 794 (Fla.1956)).
Upon a careful reading of Dr. Miller’s testimony, submitted to the JCC by way of deposition, we cannot agree that a sufficient causal connection was established between the physical injuries caused by the industrial accident and the claimant’s psychological condition.[2] For instance, Dr. Miller was asked if he had “an opinion within a reasonable degree of medical probability as to whether or not the claimant’s psychiatric complaints and conditions which [Dr.- Miller] evaluated and diagnosed is [sic] causally related to any physical injury that Mr. Green sustained as a result of this bus accident.” Miller responded, “I cannot establish any linkage or causality to what I’ve seen psychologically or neurologically in this man to any physical injury.” Upon a hypothetical question posed by claimant’s counsel regarding claimant’s industrial accident, subsequent medical treatment and work history, Miller responded, “[T]he hypothetical tends to sustain that there is a linkage between the accident and the patient’s medical condition.”
Claimant has failed to identify any portion of Dr. Miller’s testimony indicating that any physical injury suffered in the industrial accident was “a precipitating or accelerating cause” of claimant’s psychological condition. After his “tends to sustain ... a linkage” testimony, Dr. Miller further testified:
Q.... Can you, within a reasonable degree of medical probability, relate the claimant’s musculoskeletal injuries and look to those injuries as being responsible for his psychiatric condition?
A. Not by themselves, no.
*89 Mere “linkage” with the accident is not sufficient. A claimant must prove that a physical injury stemming from the industrial accident is a direct cause of the claimant’s mental condition. See Ackley, 646 So.2d at 246. Accordingly, the award of temporary total disability benefits based on claimant’s psychological condition is reversed, as is the award of medical care and treatment by a psychiatrist.
BENTON and PADOVANO, JJ., concur.
VAN NORTWICK, J., dissents with written opinion.

. A final order was entered following the JCC’s receipt of the post-hearing deposition of Dr. Billy Weinstein, M.D., claimant's treating neurologist at a prior time. In the final order the JCC found a causal connection between claimant’s physical complaints and his industrial accident; thus, the psychological condition was deemed compénsa-ble pursuant to the findings made in the interim order. We do not agree with appellants that the JCC abused his discretion in allowing the claimant to depose Dr. Weinstein after the hearing. See Gator Indus. v. Neus, 585 So.2d 1174 (Fla. 1st DCA 1991).

. As noted, the JCC explicitly rejected the testimony of Dr. Nancy Cuttilar, M.D., the only other expert to testify regarding claimant’s psychological evidence.