472 So.2d 810 (1985)
Shawn IRVING, Appellant,
v.
CITY OF DAYTONA BEACH, Appellee.
No. BD-29.
District Court of Appeal of Florida, First District.
July 3, 1985.
Bill McCabe and Edward H. Hurt, Jr., Orlando, for appellant.
Marie Hartman, Asst. City Atty., Daytona Beach, for appellee.
ZEHMER, Judge.
This case is a classic illustration of the well-recognized proposition that the claimant's credibility is the key to successful prosecution of his claim.
Claimant appeals an order denying his claim for wage-loss benefits for the months March through June 1984. Claimant filed a wage-loss claim for February through June, but the claim for June was withdrawn during the final hearing with the approval of the deputy commissioner. Accordingly, that portion of the order denying wage-loss benefits for June was included in error and is ordered stricken.
In support of the claimed wage loss for February through May, claimant submitted wage-loss forms containing the name of the business and the person contacted, the date of each application, and the results thereof. *811 Claimant identified these job search lists and testified that he contacted each of the places listed, that a job was available at the time of his contact, that he showed the potential employers a doctor's statement indicating the limitations imposed by his injury, and that he was refused employment. In addition, he specifically identified several businesses on the list where he supposedly made written applications for work. The record indicates that claimant made twenty-six such contacts in February, twenty contacts in March, twenty-four contacts in April, and twenty contacts in May. One of the listed contacts was a hospital where he ultimately obtained employment in July.
The employer undertook to verify the applications listed by claimant on these forms and did so by letters sent to a number of the prospective employers. As a result of this inquiry, the employer and carrier presented live testimony by representatives from several of the prospective employers to establish that claimant had not, in fact, made a written application for jobs on the dates indicated on the job search forms. The employer and carrier apparently did not question any of the job applications made during February. However, two witnesses testified there were no written job applications on file at their respective businesses for March, as testified by claimant. Another witness gave similar testimony for April, and a fourth witness did likewise for May. Although the testimony of two of the four witnesses was not conclusive that claimant could not have approached and talked to some other person at the business regarding prospective employment, the testimony of all four, if believed, established that claimant had not made the written job applications as he claimed on direct examination.
The deputy commissioner awarded wage-loss benefits for February, apparently because the employer and carrier had not attempted to impeach any of the job applications during that month. No question concerning the award for February is presented on this appeal.
The deputy commissioner denied claims for March, April, and May, stating, "I find that claimant did not conduct a bona fide job search for the months of March, April, May, and June, 1984. This finding is based upon testimony to the contrary from employees from businesses where claimant allegedly filed written applications for employment" (R. 121). Claimant contends that the record does not contain competent, substantial evidence to support the deputy commissioner's denial of wage-loss benefits for these months. Claimant's argument is primarily that since the employer and carrier impeached only four job applications out of more than sixty listed for those months, there was an insufficient basis in the record for the deputy to deny all wage-loss benefits for the three months involved. We do not agree.
Whether a claimant has made a good faith job search sufficient to support the award of wage-loss benefits is ordinarily a question of fact for the deputy commissioner. Paramount Poultry, Inc. v. Mims, 472 So.2d 1281, Florida First District Court of Appeal, filed July 10, 1985; Regency Inn v. Johnson, 422 So.2d 870 (Fla. 1st DCA 1982). The credibility of claimant's testimony in support of this claim is a matter for the deputy, not us, to decide. Brown v. Winter Haven Citrus Growers Ass'n, 175 So.2d 193 (Fla. 1965). Even though we, had we been in the deputy's position, might well not have denied benefits in this instance, we are not permitted to substitute our judgment for that of the deputy on this matter of credibility. Of course, the deputy could not deny benefits on the prima facie showing here made by claimant in the absence of impeaching testimony such as that presented by the employer and carrier. We are, however, not willing to draw a firm line and say, as a matter of law, that a specific number of claimed job applications, more than one or two, must be successfully challenged before the deputy may disregard claimant's testimony and deny the award of benefits for that month. The deputy was clearly justified in concluding *812 that on at least one or two occasions in March, April, and May, the claimant falsified his job search information supplied to the employers. We also note that after the employer and carrier had presented such testimony claimant did not retake the witness stand and make any attempt to explain why certain job applications had not been filed, as he had claimed on direct examination. Nor did claimant undertake to present any additional evidence to corroborate the truthfulness of the impeached job application lists he had previously identified.
AFFIRMED.
WENTWORTH and NIMMONS, JJ., concur.