493 So.2d 1063 (1986)
HYATT HOTEL and Scott Wetzel Services, Appellants,
v.
Janice PETERSON, Appellee.
No. BK-112.
District Court of Appeal of Florida, First District.
August 22, 1986.
Rehearing Denied October 2, 1986.
Bernard J. Zimmerman and Brian B. Bolton, of Zimmerman, Shuffield, Kiser & Sutcliffe, P.A., Orlando, for appellants.
Edward H. Hurt, Sr., of Hurt, Parrish and Dalton, P.A., and Bill McCabe, of Shepherd, McCabe and Cooley, Orlando, for appellee.
JOANOS, Judge.
The employer and carrier (E/C) appeal the deputy commissioner's assessment of *1064 claimant's average weekly wage. We affirm in part and reverse in part.
Claimant was hired to work as a maid by Hyatt Hotel on April 17, 1981 and terminated on February 1, 1985. She suffered a compensable injury on September 20, 1983. Appellant paid temporary total disability benefits to claimant from September 20, 1983 until September 25, 1985, as well as medical expenses. Claimant filed a claim to continue temporary total, temporary partial or wage loss benefits, and for a determination of average weekly wage. E/C and claimant stipulated to all components of claimant's weekly wage, except that (1) claimant was not entitled to credit for retirement benefits because the retirement plan had not vested; (2) claimant was not entitled to the value of her tips because they were not reported as required; (3) claimant was not entitled to the value of cleaning extra rooms because no documentation existed to prove she had been previously paid for such efforts; and (4) claimant was not entitled to credit for the value of the use of a hotel room where the hotel room was not used.
A hearing was held and the deputy commissioner found that (1) claimant's pension plan had vested; (2) claimant was entitled to credit for unreported tips, (3) claimant was entitled to credit for extra room cleaning wages; and (4) claimant was entitled to credit for the value of the unused hotel rooms.
The deputy commissioner determined in a single sentence in his order that claimant's retirement benefits had vested, but gave no basis for his conclusion. Claimant was employed with Hyatt only two years, which is less than the four year minimum requirement enabling a Hyatt Hotel employee to receive partial retirement benefits. Also, there is no evidence that claimant satisfies the apparent alternative eligibility requirement of being permanently, totally, disabled. Therefore we reverse and remand on this issue to afford the deputy commissioner an opportunity to explain why he determined that the retirement benefits have vested, or alternatively, to re-assess claimant's average weekly wage without including the value of such benefits.
Section 440.02(21) Florida Statutes (1985) requires that in order for tips to be included in an average weekly wage assessment, their receipt by the claimant must be with knowledge of the employer. In the present case, claimant not only failed to report her tips to her employer, the record revealed that she also failed to declare her tips to the Internal Revenue Service. We will not encourage such violations of the law by now compensating claimant for tips suddenly acknowledged and reported. Therefore we reverse and remand on this issue to afford the deputy commissioner an opportunity to re-assess claimant's average weekly wage without including the value of her unreported tips.
As to point three, appellants provided no evidence to contradict claimant's testimony regarding the extra rooms regularly cleaned, and the credibility of claimant's testimony in support of his claim is a matter for the deputy to decide. Irving v. City of Daytona Beach, 472 So.2d 810 (Fla. 1st DCA 1985). Therefore we affirm that part of the deputy commissioner's order which includes wages earned for cleaning extra rooms in the assessment of claimant's average weekly wage.
Finally, we find that the deputy commissioner erred by including the value of a hotel room available to claimant for three nights per quarter when claimant only actually used the hotel room on one occasion. The test for determining whether a fringe benefit must be included in the average weekly wage assessment is whether the employee receives a tangible benefit of a real present day value. Fair-Way Restaurant v. Fair, 425 So.2d 115, 116 (Fla. 1st DCA 1982). Claimant's contingent benefit of the unused hotel room was unrealized and of no personal benefit to her. Therefore we reverse and remand on this point also, to allow the deputy commissioner an opportunity to re-calculate claimant's *1065 average weekly wage without the value of the hotel rooms benefit.
Affirmed in part, reversed and remanded.
SMITH and WIGGINTON, JJ., concur.