504 So.2d 1336 (1987)
Elisa CALLEYRO, Appellant,
v.
MT. SINAI HOSPITAL, All Risk Corporation, Appellee.
No. BN-498.
District Court of Appeal of Florida, First District.
March 24, 1987.
Rehearing Denied April 29, 1987.
Renee R. Pelzman of Levine, Busch, Schnepper & Stein, Miami, for appellant.
John McMath, Miami, for appellee.
ERVIN Judge.
Appellant appeals an order of the deputy commissioner (dc) denying the compensability of appellant's psychiatric injury. We reverse and remand for further proceedings, finding the dc made inadequate findings of fact in rejecting the testimony of claimant and of the psychiatric expert.
The claimant/appellant, while working as a cashier at Mt. Sinai Medical Center, on July 1, 1982, fell and broke her ankle. She spent several months in a cast, and was *1337 unable to perform her regular job duties after being released for full duty work; as a result, her employment with the hospital was terminated.
Dr. Hernandez, a psychiatrist, opined that subsequent to the accident, claimant was unable to cope with pressure and became anxious and depressed. He diagnosed claimant as 55-75 percent disabled as the result of her psychiatric condition, which he found was the result of her industrial accident. The dc denied claimant temporary total disability (TTD) benefits as of the date claimant was authorized to return to light duty employment, April 18, 1983. In so doing, he rejected both the opinion testimony of Dr. Hernandez, stating that "there is no logical reason to relate Dr. Hernandez' findings to the accident of July 1, 1982", and the testimony of the claimant, finding that her testimony "is not credible." We reverse the above findings for the following reasons: first, in the absence of contradictory medical testimony, the dc failed to offer a sufficient reason to reject uncontroverted medical testimony, and second, he failed to explicate sufficiently the reasons for rejecting the testimony of the claimant.
The dc did not have the right to reject the unrefuted medical testimony of claimant's expert witness. A dc should "offer a sufficient reason for rejecting expert medical testimony, especially if such testimony is unrefuted." Jackson v. Dade County School Board, 454 So.2d 765, 766-67 (Fla. 1st DCA 1984). In Jackson, we found the fact that a claimant had misled a psychiatrist regarding her current employment status did not provide a sufficient rationale to reject the psychiatrist's testimony that claimant had not reached maximum medical improvement (MMI) from a psychiatric standpoint. See also Romero v. Waterproofing Systems of Miami, 491 So.2d 600, 603 (Fla. 1st DCA 1986) (reversing a dc's rejection of a finding by a psychiatrist that claimant needed psychiatric treatment when the order "lacked any factual predicate to undergird his view of what constitutes reliable psychiatric assessment."); Allman v. Meredith Corporation, 451 So.2d 957 (Fla. 1st DCA 1984) (a dc cannot reject the testimony of claimant's treating physician regarding the extent of claimant's disability, merely because claimant was not candid with the psychiatrist regarding claimant's current work activities).
Dr. Hernandez based his opinion that claimant's psychiatric disability was caused by her work-related injury primarily on the history that was related to him by the claimant. Although the doctor was aware that claimant and claimant's daughter, before the industrial accident, had been involved in a very serious automobile accident, he also stated that the claimant had in recounting her medical history denied any past treatment by a psychiatrist. The dc apparently rejected the psychiatrist's testimony, because he considered that claimant had not been truthful with the doctor by failing to inform him about prior psychiatric treatment that she had undergone. The record discloses that in the aftermath of the automobile accident, the claimant went on only one occasion to a psychiatrist for the purpose of an evaluation, upon referral from another physician. The record before us does not, however, indicate that claimant ever underwent a course of treatment with any psychiatrist until after she had suffered her industrial accident. Dr. Hernandez was moreover never asked whether his opinion regarding the causation of claimant's injury would have changed if he had been aware of the prior single visit by claimant to a psychiatrist. In the absence of evidence casting doubt on the credibility of the psychiatrist's testimony, we find that the instant case is controlled by Jackson, and, as in Jackson, the dc may not reject psychiatric testimony simply because of a single inaccuracy in a history given to the psychiatrist by a claimant.
In our view the dc erred also in rejecting the testimony of the claimant without explanation of how her credibility was tarnished. The order states simply: "The employee has been observed during the Final Hearing and her credibility was seriously challenged. Her testimony is not credible." Although a dc clearly occupies a *1338 superior position over that of a reviewing tribunal in assessing the credibility of a witness's testimony, by his direct observations of the witness during the latter's testimony, we cannot consider the deputy's statement, in view of the other evidence presented, as a sufficient finding requiring a total rejection of the claimant's testimony. The finding of a lack of credibility has no apparent support in the record on review.
In examining the record, we cannot conclude that the claimant's testimony was directly contradicted. Neither can we decide that her credibility was impeached when she acknowledged that she had undergone a psychiatric evaluation following an earlier accident involving claimant and her daughter. Nor do we find any support in the record for the implicit finding that claimant's credibility was impeached regarding her statement that she had requested psychiatric treatment from the servicing agent. If there are other portions of the record supporting the deputy's decision to reject the evidence of claimant connecting her psychiatric condition to her industrial accident, the dc may on remand modify his findings and relate them to those portions in support thereof. Because, however, we find the above referenced parts of the record lack a sufficient factual basis for any determination that claimant's evidence may be rejected, we caution that the deputy is precluded on remand from relying upon them as a predicate for rejection.
In so holding, we are not unaware of the rule that the dc as the trier of fact has the right to determine the credibility of witnesses, including a claimant. Irving v. City of Daytona Beach, 472 So.2d 810 (Fla. 1st DCA 1985); Jackson v. Dade County School Board, 454 So.2d 765 (Fla. 1st DCA 1984). We state only that in the absence of impeaching testimony, the findings of the deputy as related to the record now before us cannot serve as a basis for rejection of claimant's evidence. See 24 Fla. Jur.2d, Evidence and Witnesses § 690 (1981) (the trier of fact has no right to reject uncontroverted testimony of a witness, even if the witness is an interested party, unless the testimony is "contrary to natural laws, inherently improbable or unreasonable, opposed to common knowledge, inconsistent with other circumstances established in evidence, or ... contradictory within itself... ."). Cf. Irving, 472 So.2d at 811 (the dc was free to reject claimant's testimony as lacking credibility after the e/c proved that claimant had submitted false information regarding work search on at least one or two occasions over a three-month period).
The deputy may also reopen the evidence on remand, if he desires, to ascertain whether claimant had undergone earlier psychiatric treatment, and may consider additional evidence regarding whether claimant's present mental condition may have pre-dated her industrial accident.
REVERSED and REMANDED with directions.
SHIVERS and ZEHMER, JJ., concur.