WIGGINTON, Judge.
Appellants, employer/carrier, appeal the deputy commissioner’s order awarding *266 wage loss benefits to appellee. We affirm in part, reverse in part and remand.
We reject employer/carrier’s position that the deputy commissioner had no authority to make a determination regarding appellee’s vesting in a profit-sharing plan. To the extent that such a determination concerned workers’ compensation benefits, the deputy commissioner did have jurisdiction. See Hyatt Hotel v. Peterson, 493 So.2d 1063 (Fla. 1st DCA 1986); and Marion Correctional Institution v. Kriegel, 522 So.2d 45 (Fla. 5th DCA 1988). In the instant case, the deputy commissioner limited his findings in regard to appellee’s vesting in the plan to its effect on appel-lee’s average weekly wage, which is clearly a workers’ compensation issue. Competent substantial evidence supports his findings on the matter. Compare Peterson. Consequently, employer/carrier has not shown error in this regard.
We affirm the deputy commissioner’s determination that appellee is entitled to wage loss benefits but reverse his finding that appellee did not voluntarily limit his income upon his pursuit of self-employment beginning in August 1986. We find that the record does not contain competent substantial evidence to support a determination, pursuant to section 440.15(3)(b)2, Florida Statutes, that appellee’s wage loss after that date was due significantly to his compensable injury and not to other factors. Instead, the evidence shows that appellee voluntarily limited his income by giving up suitable employment in order to start his own business, thereby netting a lower income than he was shown to be able to earn in the suitable employment. Remand for a determination of whether an award of wage loss based on “deemed earnings” under 440.15(3)(b)2 is unnecessary since, on page 6, paragraph (d), of his order, the deputy commissioner set forth the procedure to follow if “deemed earnings” should be found to apply.
Except for the first sentence therein, we approve the findings of paragraph (d). Competent substantial evidence supports the deputy commissioner’s determination of the correct “deemed earnings” figure. Upon remand, the deputy commissioner should allow employer/carrier to offset that amount, $282.29 per week, against wage loss benefits paid to appellee for the months following August 1986 for which such benefits have been claimed.
Employer/carrier contend that ap-pellee is entitled to no wage loss benefits after a January 1987 noncompensable accident since that accident, and later unrelated hemorrhoid surgery, were factors rendering him totally unable to work for a period. Competent substantial evidence supports a determination that, although those noncompensable conditions may have left appellee temporarily unable to work at all, his compensable condition should still be factored in since, during those times, it also continuously affected his ability to earn more than $282.29 per week. See Anderson v. S & S Diversified, Inc., 477 So.2d 591 (Fla. 1st DCA 1985) and Newhouse v. Volusia County School Board, 474 So.2d 1222 (Fla. 1st DCA 1985).
Upon remand, the deputy commissioner may find it appropriate to revisit the award of attorney’s fees, depending upon the amount of benefits awarded.
Affirmed in part, reversed in part and remanded.
SMITH, C.J. and SHIVERS, J., concur.