JOANOS, Judge.
Leroy Turner has appealed from an order of the Judge of Compensation Claims finding that Turner’s back injury was not compensable. We reverse and remand for further proceedings.
Turner was employed by Rinker Material Corporation as a truck driver. Effective July 1987, Section 316.302(1), Florida Statutes (1987) required that commercial motor vehicle operators had to meet certain physical requirements as evidenced by a physical examination. Rinker notified its employees of the requirement in writing, and at a group meeting. It was undisputed that undergoing the physical was a condition of continued employment with Rinker.
In December 1987, Turner and several other Rinker employees went to the offices of a physician located by Rinker for the purpose of undergoing the required physical. It was Turner’s testimony that, in the course of the physical, the doctor required him to perform several pushups from a prone position despite Turner’s warning that he had back problems. The doctor stated that he had not required Turner to do any pushups, but rather “pushouts” from a wall in a standing position. In any case, Turner stated that his back “didn’t feel right” after the examination, and that he so informed the doctor before leaving his office; again, the doctor denies that Turner made any complaints about his back.
Turner testified that his back pain intensified during the night after the examination, and he reported the pushup incident to Rinker the next day. He was not able to work a full day, and never thereafter worked for Rinker. One day prior to the physical, Turner had visited Dr. Poss, the chiropractor whom he was consulting regarding his prior back condition. Dr. Poss reported that, although Turner was suffering mild pain on that day, he was functional. Turner returned to Dr. Poss on the day after the incident, suffering extreme pain. Turner continued to consult Poss thereafter, paying for the treatments himself.
In September 1988, Turner filed the instant claim seeking temporary total disability and medical benefits, which was denied. The judge found that, “even assuming Turner’s testimony that he suffered injury doing pushups is true,” the injury was not compensable in that it “did not arise out of the employment because the physical exam was mandated by [the state],” and further was performed outside work hours and at Turner’s own expense.
An injury which “arises out of and in the course of employment” is an injury which occurs within the period of the employment, at a place where the employee may reasonably be, and while he is reasonably engaged in something incidental to his employment. Cooper v. Stephens, 470 So.2d 852, 854 (Fla. 1st DCA) rev. den. 480 So.2d 1296 (Fla.1985). Section 440.26(1), Florida Statutes (1987) includes a rebuttable presumption that a claim comes within the provisions of the chapter. This presumption has been applied in the determination of whether an injury arises out of and within the course of employment, in part because of the general policy in workers’ compensation cases that the statute is to be liberally construed in favor of the claimant. Telcon, Inc. v. Williams, 500 So.2d 266, 267 (Fla. 1st DCA 1986).
*649 In this case, Rinker argues and the judge found that, because the compulsion for the physical examination during which Turner was injured came from state law and not from the employer, the injury did not “arise out of and in the course of the employment.” However, we find that the following “concurring cause” analysis of employment health tests is more consonant with the liberal construction we are bound to accord the Workers’ Compensation Act:
If the requirement of the test ... applied to everyone regardless of his employment, for example, if everyone were required to have a smallpox examination during an epidemic, no special work-connection would exist. But if this particular test is a condition of holding this particular job, then the employment is a concurrent cause of the test; the employee undergoes the test both because the employment requires it and because the state requires it if he is to occupy that job. In other words, if it had not been for the exigencies of the employment, the employee would not have taken that test.
1A Larson, Workmens’ Compensation Law, § 27.32 at 5-301.
The physical examination undergone by Turner herein was required by Section 316.-302, Florida Statutes, which made commercial motor vehicles and their operators subject to certain federal regulations; the requirement was not applicable to the general public. Further, the evidence is abundant that “this particular test was a condition of holding this particular job.” Rink-er’s employees, including Turner, were repeatedly told that they would lose their jobs if the physicals were not taken. Therefore, had it not been for this employment, Turner would not have taken the physical.
Further, the conduct of the physicals after work hours and off the premises is not dispositive of the compensability issue, in light of the substantial direct benefit derived by Rinker from its employees’ submission thereto, i.e., the retention of experienced truck drivers in its work force. See Bari Italian Food v. Rittger, 527 So.2d 255 (Fla. 1st DCA 1988) (injury in an employer-sponsored softball game held off the premises on the employees’ own time held compensable in light of the public relations benefit of the team to the employer).
Based on the foregoing, we find that the judge erred in holding that Turner’s injury was not compensable based on its alleged occurrence during a physical examination required by state law. However, because of his holding on this issue, the judge failed to make the necessary evidentiary findings presented. We therefore reverse and remand for further proceedings consistent with this opinion.
WENTWORTH and THOMPSON, JJ., concur.