BOOTH, Judge.
This cause is before us on appeal of an order of the Judge of Compensation Claims denying compensability of claimant’s heart attack and back injury. After careful consideration, we affirm.
Claimant was a security guard who suffered a heart attack on September 7, 1983. He had a history of prior severe heart trouble and remained hospitalized for several weeks. Following his release, he contacted the Division of Workers’ Compensation (the Division) to determine whether his injury was compensable. He claimed his immediate supervisor had repeatedly inflicted emotional abuse causing the coronary.
On October 31, the Division informed claimant that heart attacks caused by emotional stress without unusual physical exertion were uncompensable. Meanwhile claimant had also told another witness about the heart attack and had blamed it on stress. On November 11, however, he began telling treating physicians that he strained his back when he took delivery of a heavy package sometime before September 7. Medical testimony indicated that he had a recently-ruptured disc but no one was able to objectively verify when it had *118 occurred. Medical testimony also indicated that sudden back strain could have caused the heart attack if the attack had followed within a day, and the ruptured disc if pain occurred immediately afterwards.
At hearing, claimant testified that United Parcel Service delivery man Roberts had delivered an unusually heavy package on September (5 or 7 and that he experienced an immediate burning sensation when he caught the package as it was being handed down from the truck. The judge rejected this testimony and accepted Roberts’ version, corroborated by his records, that although he dropped off a package, it happened in late August and not September.
There was contrary evidence. However, much of guard Hunt or operations manager Murphy’s testimony had to do with United Parcel Service delivery habits rather than with what actually occurred on the dates in question. Where Hunt’s testimony directly contradicted Roberts’, the judge simply had to make a credibility determination. Roberts himself repeatedly denied delivering the package in September, and attempts to impeach his testimony and records were inconclusive.
The judge also had the right to reject claimant’s account under Calleyro v. Mt. Sinai Hospital, 504 So.2d 1336 (Fla. 1st DCA 1987), review denied, 513 So.2d 1062 (Fla.1987), due to its unexplained inconsistency with his initial version and due to the timing involved in the change. Likewise, the medical testimony did not compel a ruling in claimant’s favor. Neither Dr. Cauthen’s nor any other doctor’s testimony supports finding causation unless claimant is believed. Even Dr. Cauthen’s theory required claimant to have suffered immediate pain after catching the package, and this did not happen according to evidence the judge was entitled to accept.
AFFIRMED.
THOMPSON, J., concurs.
ERVIN, J., dissents.