560 So.2d 300 (1990)
The RAMADA INN SURFSIDE and Adjustco, Inc., Appellants,
v.
Deborah Lynn SWANSON, Appellee.
No. 89-1776.
District Court of Appeal of Florida, First District.
April 18, 1990.
*301 Michael Wall Jones, Orlando, for appellants.
Larry Mark Polsky of Polsky & Vasilaros, Daytona Beach, for appellee.
JOANOS, Judge.
The employer and carrier in this workers' compensation case appeal an order of the judge of compensation claims awarding the claimant temporary total disability benefits and payment of medical bills for treatment of claimant's psychiatric condition. The issues presented for review are: (1) the judge's finding that claimant's emotional problems were directly and causally related to the sexual contacts with her supervisor, and (2) the judge's finding that sexual intercourse took place without the claimant's permission. We affirm.
The incident which forms the predicate for this appeal took place on March 30, 1988. In January 1988, claimant was interviewed and subsequently hired for the position of lounge supervisor of The Ramada Inn Surfside. Mr. Darold Schonsheck, general manager of Ramada Inn Surfside, conducted the interview and made the hiring decision.
We note at the outset that with the exception of the deposition testimony of one former employee, all witnesses in this case testified live before the judge of compensation claims. Not surprisingly, the record contains conflicting versions of certain core facts regarding the work and allegedly personal relationship between claimant and Mr. Schonsheck. It is undisputed that (1) Mr. Schonsheck drove to claimant's apartment to offer her the job; (2) Mr. Schonsheck frequently went to an eating establishment near claimant's apartment; (3) claimant and Mr. Schonsheck went out together for a drink after a Super Bowl party at the Ramada Inn; (4) Mr. Schonsheck went with claimant to the liquor room at the Ramada Inn where claimant was taking inventory; (5) on February 20, 1988, Mr. Schonsheck sent claimant white roses for her birthday; (6) in March 1988, Mr. Schonsheck kissed claimant on the lips in a Ramada Inn elevator; (7) on March 30, 1988, Mr. Schonsheck engaged in sexual intercourse with claimant; and (8) prior to claimant's employment, Mr. Schonsheck had been involved in a sexual relationship with the former Ramada Inn lounge supervisor. Claimant's version of these events is that Mr. Schonsheck made her the recipient of unwelcome attentions and offensive touchings of her person. According to Mr. Schonsheck's version, claimant was extremely flirtatious and generally sexually aggressive.
The incident which is the focus of this appeal took place on March 30, 1988. *302 Claimant testified that on that date, she was working in the Ramada Inn lounge when Mr. Schonsheck told her he was going to view another hotel property as a possible business investment, and that she should meet him there to look over the property. Claimant and Mr. Schonsheck drove to the hotel in separate cars. Claimant said that as she was looking over the restaurant and lounge area, she saw Mr. Schonsheck enter and walk over to the front desk. Mr. Schonsheck then walked over to claimant, and at his suggestion, she accompanied him to inspect one of the guest rooms. The sexual intercourse which is the subject of the second issue took place in the hotel guest room. Mr. Schonsheck's account of the incident was that claimant voluntarily drove her own car to the hotel where the sexual encounter occurred, and that she was the sexual aggressor. Claimant vehemently denied Mr. Schonsheck's allegation that she initiated the sexual activity, and denied that the sexual encounter took place with her consent.
Various witnesses testified that after March 30, 1988, claimant became very tense and nervous, and began drinking on the job. Between June 16, 1988, through mid-September 1988, claimant was hospitalized on three separate occasions for psychiatric treatment. Dr. Handel, claimant's treating psychiatrist, diagnosed her condition as a severe major depressive disorder and adjustment disorder. The doctor's testimony reflects that the initial history he received from claimant indicated a possible suicide attempt in November 1987, an unhappy childhood with an alcoholic father, a divorce in the family, an unhappy marriage, and possible alcohol abuse. Although he had been referred to this background information, Dr. Handel's testimony reflects that he was still of the opinion that the condition for which he treated claimant in 1988 was related to her obsession about returning to her job, and the conflict she felt due to the sexual encounter she had had with her boss. When asked whether claimant's prior psychiatric problems could have caused her emotional disorder, Dr. Handel stated that the unfortunate episode of sexual intercourse at work played a greater role in claimant's depression, and appeared to have prompted her three hospitalizations.
The employer and carrier first challenge the judge's finding that Dr. Handel's testimony causally related claimant's emotional difficulties to her sexual contacts with her supervisor. Although section 440.02(1), Florida Statutes (1987), expressly proscribes workers' compensation benefits for "[a] mental injury due to fright or excitement only," severe work-related emotional disorders may be compensable where it is shown that the emotional disorder was occasioned by actual physical impact or trauma at the workplace. Byrd v. Richardson-Greenshields Securities, Inc., 552 So.2d 1099 (Fla. 1989); LaFave v. Bay Consolidated Distributors, Inc., 546 So.2d 78, 80 (Fla. 1st DCA 1989).
Because we find the record supports the judge's finding that Dr. Handel concluded that claimant's emotional disorder was caused primarily by the sexual episode with her supervisor, we reject the employer and carrier's contention that claimant's emotional condition and attendant hospitalization was caused by factors unrelated to the workplace sexual encounter. An examination of Dr. Handel's testimony in its entirety, demonstrates that although the opinions expressed are not set forth in a unified manner, Dr. Handel did, in fact, find that claimant's emotional problems and three hospitalizations were caused primarily by the sexual contact with Mr. Schonsheck, within a reasonable degree of psychiatric probability. Moreover, since this testimony was uncontroverted, the judge was not at liberty to reject it without explicating sufficient reasons for so doing. Calleyro v. Mount Sinai Hospital, 504 So.2d 1336, 1337 (Fla. 1st DCA), review denied, 513 So.2d 1062 (Fla. 1987).
In view of the nature of the medical testimony in this case, the employer and carrier's reliance on Norrell Corp. v. Carle, 509 So.2d 1377 (Fla. 1st DCA 1987), is misplaced. In Norrell, the court rejected the judge's finding of causal relationship *303 between claimant's depression and her employment, because the only medical evidence that the depression was work-related consisted of notes made by an orthopedic surgeon. In contrast, in this case, claimant's treating psychiatrist testified at the hearing as to the causal relationship between claimant's depression and the sexual contact with her supervisor.
The employer and carrier's second challenge is directed to the judge's finding that the sexual intercourse took place without claimant's permission. We note at the outset that as the trier of fact, it is the function of the judge of compensation claims to determine the credibility of all witnesses, including the claimant. Calleyro, 504 So.2d at 1338; Irving v. City of Daytona Beach, 472 So.2d 810 (Fla. 1st DCA 1985). In a similar vein, this court is not permitted to substitute its judgment for that of the judge with regard to a factual determination, so long as the judge's findings are supported by competent substantial evidence. Rinker Materials Corp. v. Hill, 471 So.2d 119, 120 (Fla. 1st DCA 1985).
It is obvious that in the context of this case, resolution of the voluntariness of the sexual episode turns upon the judge's evaluation of the credibility of claimant and her supervisor. Here, the judge accepted claimant's account of the incident and rejected that of Mr. Schonsheck. Since the judge had the opportunity to observe the demeanor of both witnesses during their testimony, her ability to assess the relative credibility of each is superior to our consideration of the transcribed testimony. In such circumstances, we decline to disturb the judge's factual determination that the sexual intercourse took place without the claimant's permission.
Benefits are available under the Workers' Compensation Act for "injuries arising out of and in the course of employment." § 440.09(1), Fla. Stat. (1987). For an injury to arise out of and in the course of employment, "it must occur within the period of employment, at a place where the employee may reasonably be, and while he is reasonably fulfilling the duties of employment, or engaging in something incidental to it." Gray v. Eastern Airlines, Inc., 475 So.2d 1288, 1289 (Fla. 1st DCA 1985), review denied, 484 So.2d 8 (Fla. 1986), citing Fidelity & Casualty Co. of New York v. Moore, 143 Fla. 103, 196 So. 495 (1940). In other words, "[t]o be compensable, an injury must arise out of employment in the sense of causation and be in the course of employment in the sense of continuity of time, space, and circumstances." Strother v. Morrison Cafeteria, 383 So.2d 623 (Fla. 1980).
The record in the instant case reflects that the sexual encounter between claimant and her supervisor arose out of and occurred during her employment as lounge supervisor of Ramada Inn Surfside. First, the episode occurred during the period of employment, in that it happened during claimant's normal work hours. Second, the incident happened at the hotel where claimant's supervisor directed her to go. Finally, the incident transpired while claimant was reasonably fulfilling the duties of her employment, in the sense that she purportedly was to assist her supervisor in the evaluation of a hotel property for possible investment purposes.
In view of the relatively unique fact scenario of this case, we recognize the propriety of the judge's decision that a workers' compensation claim is the appropriate vehicle for recovery for claimant's work-related emotional disorder. In making this determination, we are fully cognizant of the recent decision of the Florida Supreme Court in Byrd v. Richardson-Greenshields Securities, Inc. In Byrd, the court examined federal and state policy provisions concerning sexual harassment in the workplace. See Byrd, 552 So.2d at 1101-1104. In light of overwhelming public policy against workplace sexual harassment, the court determined that the exclusivity rule[1] of the workers' compensation statute should not serve to shield an employer *304 from all tort liability based on incidents of sexual harassment. Byrd, 552 So.2d at 1103-1104. The court explained that "[a]pplying the exclusivity rule of workers' compensation to preclude any and all tort liability effectively would abrogate this policy, undermine the Florida Human Rights Act, and flout Title VII of the Civil Rights Act of 1964." Id.
In concluding that workers' compensation should no longer be the exclusive remedy for workplace sexual harassment injuries, the court noted that 
workers' compensation is directed essentially at compensating a worker for lost resources and earnings. This is a vastly different concern than is addressed by the sexual harassment laws. While workplace injuries rob a person of resources, sexual harassment robs the person of dignity and self esteem. Workers' compensation addresses purely economic injury; sexual harassment laws are concerned with a much more intangible injury to personal rights. To the extent these injuries are separable, we believe that they both should be, and can be, enforced separately.
552 So.2d at 1104.
Because in this case claim was made for lost earnings and for medical treatment attendant upon a work-related injury, we conclude that the workers' compensation statute was the proper vehicle for recovery. We believe that this determination is consistent with the rationale expressed in Byrd. The Byrd opinion suggests that in a proper case, a victim of sexual harassment in the workplace may pursue separate claims for qualitatively different injuries.
For the foregoing reasons, we affirm the appealed order in all respects.
WENTWORTH and THOMPSON, JJ., concur.
NOTES
[1] The exclusivity rule, section 440.11, Florida Statutes (1987), provides generally that workers' compensation is the sole remedy available to a worker injured within the scope and policies of the workers' compensation statute.