PER CURIAM.
Appellant, Community Animal Hospital of Dade, Inc., appeals the order of the judge of compensation claims declining to apply the domestic servant exclusion of Section 440.-02(15)(e)l., Florida Statutes, and finding the accident of claimant Mercedes Vargas com-pensable. We reverse.
Claimant, Mercedes Vargas, was employed to work in the home of Dr. Mary Schooley Pasero and her husband, Arnaldo Pasero, as a babysitter and housekeeper. Dr. Mary Schooley Pasero was the owner and sole corporate officer of appellant Community Animal Hospital. Claimant’s job duties consisted of housework and picking the children up from school. Claimant also did some occasional cooking. Claimant admitted that she never worked at the animal hospital.
Claimant was first hired in August of 1990. When first hired, claimant was paid in cash. Dr. Schooley testified that she at some point read a newspaper article stating that you had to pay taxes on domestic servants. Dr. Schooley went to an IRS office to explain her situation and was advised that she could pay claimant’s payroll taxes using the employer identification number of her business. Schooley began to pay claimant by check from the business account, deducting the usual employment-related taxes such as social security and unemployment compensation insurance taxes. Notably, Dr. Schooley listed claimant as an employee on an application for workers’ compensation insurance. Schooley stated she wasn’t quite sure why she listed claimant on that application, but simply listed everyone who was on her payroll. The insurer called her at some point and told her that claimant wasn’t eligible for workers’ compensation coverage because claimant was not an employee of the hospital. Schooley also testified that claimant never worked at the hospital.
Dr. Schooley conceded that claimant reported being injured in the bathroom of Schooley’s home. Claimant stated that she was injured on November 11, 1991, the accident occurring in the bathroom of Dr. Sehoo-ley’s residence.
Dr. Schooley’s accountant testified that Dr. Schooley deducted claimant’s wages as a business expense on her 1991 federal tax return. However, the documentation provided was insufficient and the questioning too imprecise to support such a conclusion. The accountant noted that the amount of employees’ wages deducted as a business expense was stated on Dr. Sehooley’s tax return. Claimant’s total wages were stated on her W-2 form. If the total wages of all of Dr. Schooley’s employees, including claimant, eq-ualled the amount deducted on Sehooley’s tax return, it could be logically concluded that claimant’s wages were deducted as a business expense. However, the total wages of all of Dr. Sehooley’s employees was not established and the accountant merely assumed that claimant’s wages comprised a part of the *814 total deduction taken by Dr. Sehooley — an unwarranted assumption.
The JCC issued an order finding that where an employee is employed by a business to provide domestic services for a corporate officer, the entire basis for the domestic service exclusion — protection of the homeowner who has no means of placing the burden of workers’ compensation insurance on the industry involved — no longer exists. The JCC found that where the claimant is employed by a business to provide domestic services for a corporate officer, who is also the sole shareholder of the company, the domestic servant exclusion contained in Section 440.02(15)(c)l. is inapplicable. The JCC also stated that the employer should be discouraged from asserting that an employment relationship exists for tax purposes but does not exist for the purposes of requiring the employer to procure workers’ compensation coverage, citing Hyatt Hotel v. Peterson, 493 So.2d 1063 (Fla. 1st DCA 1986). The JCC found claimant’s accident to be compensable.
Section 440.02(15), Florida Statutes (1991), states in pertinent part:
(c) “Employment” does not include services performed by or as:
1. Domestic servants in private homes.
On appeal, the employer argues that claimant was carried on its payroll merely as a matter of administrative convenience. Any nexus between claimant and the corporation was illusory and should not interfere with the usual application of the statute. Under the particular circumstances presented, we agree. We note that the initial terms of claimant’s employment countenanced payment in cash. Claimant never performed any work at the animal hospital. Claimant never performed any work other than domestic service. In addition, to the extent that the JCC found it appropriate to discourage employers from asserting an employment relationship for federal income tax purposes while denying an employment relationship for purposes of workers’ compensation coverage, we find there is no competent, substantial evidence to support a finding that claimant’s wages .were deducted as a business expense on Dr. Schooley’s federal income tax return. While the doctrine of estoppel may apply under certain circumstances, this is not an appropriate ease for its application.
REVERSED.
BARFIELD, MINER and WOLF, JJ., concur.