SMITH, Senior Judge.
The claimant appeals a final order of the Judge of Compensation Claims (JCC) denying her claim on the ground that her injury did not occur in the course and scope of her employment. We affirm.
The claimant, Judith Jordan, while a school teacher at Palm Harbor Middle School in Pinellas County, on February 19, 1992 was attending a workshop on microcomputer application at Tarpon High School in Pinellas County. While on the premises of Tarpon High School, the claimant tripped on a raised sidewalk, fell, and suffered injuries to her back, neck, hands and knees. Her injury was initially accepted by the employer/carrier (E/C) as compensable, and she was provided medical attention. However, on May 6, 1992 her employer informed her that her continuing medical care would no longer be covered by workers’ compensation. After unsuccessfully seeking benefits through a request for assistance, the claimant filed a petition for benefits, which was defended by the E/C on the ground that her injury did not occur during the course and scope of her employment. A hearing was held on March 27, 1995, resulting in a final order denying compensability. This appeal followed.
The facts, as found by the JCC, established that the claimant’s purpose in attending the workshop was to acquire credits required by state law to maintain her certification as a teacher. Pinellas County requires all teachers to have a valid teaching certificate at the beginning of the school year in order to remain employed. However, there is no specific requirement concerning the time, place, or manner in which teachers may obtain the necessary credits to remain certified. The evidence established that teachers are able to convert courses taken outside of the school system, or college courses, or to attend courses provided within the Pinellas County School System. Teachers thus have the option of taking courses outside of their school system, during off hours for which they receive no pay, or to attend courses provided by the particular school system, which are offered during school hours and for which the teachers receive their regular pay.
The evidence established also, as found by the JCC, that the claimant was not required to attend this particular course, and was not receiving pay for attendance. The course was not being taken during regular school hours, nor was it held at the claimant’s school. It is clear that the employer exercised no control over the claimant while she was in attendance at this workshop.
The claimant maintained below, as here, that this case is substantially similar to this court’s decision in Turner v. Rinker Material Corp., 554 So.2d 647 (Fla. 1st DCA1989). In Turner, a truck driver was required by state law to submit to a physical examination by a physician in order to retain his commercial motor vehicle operator’s license. Turner and several other Rinker employees went to the offices of a physician located by Rinker for the purpose of obtaining the required physical. Turner testified that he sustained an injury in the course of the examination while doing pushups ordered by the doctor despite Turner’s warning that he had back problems. In reversing the decision of the JCC, who found the injury not compensable, this court found the “concurring cause” analysis of health tests found in Larson’s Workmen’s Compensation Law, Vol. 1A, Sec. 27.32 at 5-409, more consonant with the liberal construction accorded to claimants under section 440.26(1), Florida Statutes (1987). Under Larson’s analysis, if everyone is required to take the test, regardless of employment — for example, a smallpox examination during an *450 epidemic — no special work connection would exist. However, if the particular test is a condition of holding that particular job, then the employment is a concurrent cause of the test, and a test-related injury would be com-pensable. The court emphasized that Turner and the other employees were repeatedly told by Rinker that they would lose their jobs if the physicals were not taken, and that “but for” the employment, the physical would not have been taken. Further, the court said, the conduct of the physical off-premises and after work hours was not dispositive, in view of the “substantial direct benefit” derived by Rinker from the employees’ submission to the test. Id. at 649.
The JCC below distinguished Turner from the present ease in several respects, first noting that section 440.26(1), which required the application of a presumption that injuries occurred in the course and scope of employment, was repealed in 1990. Further, Turner’s visit to the physician was a one time event arranged and compelled by the employer, and the injury occurred during the medical examination itself. By contrast, the claimant here was solely responsible for the time and place of her attendance at the workshop, and there was no direction or even a suggestion by her employer as to the manner in which the claimant might choose to maintain her teacher’s certification during any given five-year period. The JCC could therefore conclude that the event which gave rise to the claimant’s injury was so removed from any indicia of control by the employer as to negate a finding that she was injured in the course and scope of her employment.
For the reasons stated above, the order on appeal is AFFIRMED.
ALLEN and DAVIS, JJ., concur.