PER CURIAM.
The City of Kissimmee and Willis Corroon Administrative Services, the employer and carrier respectively, appeal a workers’ compensation order awarding death benefits and funeral expenses, and argue that the Judge of Compensation Claims (hereinafter “JCC”) erred in concluding that Ricardo Dickson’s death arose out of and in the course and scope of his employment and was compensa-ble. Because the evidence indisputably demonstrates that the death of Mr. Dickson resulted from an elective stomach stapling surgery undertaken during his voluntary leave of absence while the employee was not under the employer’s control, we reverse the JCC’s holding that Mr. Dickson’s death was compensable.
Mr. Dickson was a sworn law enforcement officer for the City of Kissimmee Police Department. He served as a crime prevention/ community relations officer. On June 1, *144 1990, the Kissimmee Police Department (KPD) implemented a physical fitness policy. The physical fitness tests consisted of muscular endurance, absolute strength, flexibility, and cardiovaseular/aerobic tests. On November 2, 1992, Mr. Dickson participated in the physical fitness program and was unable to satisfy the minimum standards in all areas tested. He eventually satisfied the absolute strength test, but not the remaining tests. In an attempt to lose weight, he elected to undergo stomach stapling surgery. On March 15,1994, Mr. Dickson was hospitalized for the surgery. At that time he weighed 330 pounds. On March 26, 1994, Mr. Dickson died as a result of complications from the stomach reduction surgery, specifically a pulmonary embolism. His widow filed a petition for benefits. The employer and carrier controverted her claim on the basis that there was no accident/injury within the course and scope of employment, and there was no causal relationship between Mr. Dickson’s employment and the accident.
The JCC found that Mr. Dickson suffered a compensable accident and that his beneficiaries are entitled to payment for death benefits and funeral expenses. As a basis for her finding that Mr. Dickson’s death occurred in the course and scope of his employment, the JCC found that Mr. Dickson underwent the stomach reduction surgery to comply with the fitness policy.
We agree with the employer and carrier that this case falls outside the coverage of Florida’s Workers’ Compensation Act because there is no competent substantial evidence to support the finding that Mr. Dickson’s death occurred within the course and scope of his employment. We reject the appellee’s argument that Mr. Dickson’s stomach reduction surgery and subsequent death flowed as a natural consequence from his employment because he needed to have the surgery to pass the physical fitness test to keep his job as a law enforcement officer. Mr. Dickson’s death did not occur in a place where he would reasonably be or while he was reasonably engaged in activity incidental to his employment as a sworn law enforcement officer. An injury arises out of and in the course of employment if it occurs “within the period of employment, at a place where the employee may reasonably be, and while he is reasonably fulfilling the duties of employment, or engaging in something incidental to it.” Ramada Inn Surfside v. Swanson, 560 So.2d 300, 303 (Fla. 1st DCA 1990).
In Jordan v. Pinellas County School Bd., 680 So.2d 448, 450 (Fla. 1st DCA 1996), this court affirmed an order denying benefits, holding that the JCC was entitled to find that the circumstances surrounding the event which gave rise to the claimant’s injury were so lacking in any indicia of control by the employer as to negate a finding that she was injured in the course and scope of her employment. This court analyzed the facts as found by the lower tribunal to determine whether the employer controlled the time, place, and manner of the circumstances surrounding the accident, holding that an event which gives rise to an injury without the requisite level of employer control is. not within the course and scope of employment. Id.
Mr. Dickson’s death did not occur during the physical fitness tests required by the KPD. He was not ordered to lose weight. Mr. Dickson had complete autonomy over how to improve his physical fitness level within the three-year grace period which was granted to permit officers to comply with the physical fitness program. He elected weight training at the gym, different diets, and, ultimately, the stomach reduction surgery. All of the methods he chose were performed on his own time and at his own expense.
Throughout the operation and subsequent recovery period, Mr. Dickson was on a voluntary leave of absence, and therefore off-duty. The JCC found that the employer did not order Mr. Dickson to undergo the surgical procedure. There is no competent substantial evidence that Mr. Dickson was obligated to undergo this procedure as a condition of his employment. The employer did not require or arrange for Mr. Dickson to have the surgery, did not select the physician who performed the surgery, did not select the hospital where the surgery was performed, did not provide transportation to or from the surgery, and did not pay for the surgery. It is clear that KPD exercised no control over *145 Mr. Dickson while he was hospitalized for his surgery or during his period of recovery. Mr. Dickson’s supervisors’ knowledge or awareness of his efforts to meet the fitness standards or lose weight, and their approval of his leave for surgery, did not amount to an endorsement or control over the procedure he elected. In the present case, there was no evidence to support a finding that the requisite employer control existed. Therefore, Mr. Dickson’s death resulting from his elective surgery is not compensable because Mr. Dickson’s injury did not occur within the course and scope of employment.
We hold that the evidence does not support the JCC’s finding that Mr. Dickson’s death arose out of and in the course and scope of his employment. Accordingly, the order on appeal is REVERSED.
BARFIELD, C.J., and KAHN and DAVIS, JJ., concur.